Siiankland, J.
 

 The bill in this cause is filed by the nieces of John Fisher, deceased, and their husbands, to set aside his pretended will, on the ground that at the time of its formal execution, he was not of sound mind, and also upon the ground that if he was of sufficient capacity to make a will, yet that he was induced to make the one in question by fraud and undue influence, exercised over him by his last wife, who is one of the defendants in the cause.
 

 Regarding as I do, the cases of
 
 Stewart’s executor
 
 v.
 
 Lispenard,
 
 (26
 
 Wend.
 
 255,) and
 
 Blanchard
 
 v.
 
 Nestle,
 
 (3
 
 Denio,
 
 37,) as fixing the standard of testable capacity at any given point, above that of the idiot and lunatic, the will cannot be declared void for the want of a sound disposing mind.1 But I am convinced by the evidence in the case, that the testator, from the character of his disease, its long continuance, and the dependant state to which he was reduced, was completely under the control and dictation of his wife, and that she dictated the bequests in this will instead of the testator. I am led to this conclusion, irrespective of the testimony in relation to the fraudulent conduct of the wife of Lawrence Fisher, in imposing a surreptitious child upon the family, and thereby inducing a bequest in its favor, by the suggestion and recommendation of Diana, at the time of the making of the will. I do not think the evidence sufficient to prove she knew the child to be an imposture.
 

 The counsel for the appellant seeks to reverse the decision of the chancellor, upon the ground that a court of chancery has not jurisdiction, upon the facts of this case, to declare the will void, but that the remedy is at law. . This point was not made
 
 *500
 
 in the answer, nor before the chancellor, and is now raised for the first time. It is true that a court of equity will not entertain jurisdiction to set aside a will of real estate for fraud, or on the ground of the testator’s incompetency, where there is a perfect remedy at law, and the objection to the jurisdiction is taken in due season. (1
 
 Comst. 215.)
 
 But after litigating the question on the merits, without raising the objection in the two inferior courts, it is now too late to raise it here, unless the court of chancery is wholly incompetent to grant the relief asked for, for the entire want of jurisdiction. (2
 
 Paige,
 
 396; 4
 
 id.
 
 400; 2
 
 id.
 
 509.) Where the parties have submitted themselves to the jurisdiction of a court of equity, without objection, as in this case, I have no doubt that court can adjudicate upon the question of the validity of a will of real or personal estate. It is therefore unnecessary to inquire whether the circumstances that the possession of the real estate in this case was out ot the complainants, and that the bill calls for an account of the rents, and for an account of the personal estate, and to remove the cloud upon the title caused by the pretended will, would not of themselves furnish sufficient foundation for the jurisdiction of the court of chancery, if the objection had been taken in due time and manner.
 

 The decree of the chancellor, reversing that of the assistant vice chancellor, should be affirmed with costs, and a reference must be had, as directed in the chancellor’s decree.
 

 Ordered accordingly.