Speir, J.
The appointment of the plaintiff as receiver of Baggett, made in the supplemental proceedings under the Code, vested in him the legal title to all the personal property of Baggett. By force of the statute, Code 298, the receiver of the judgment debtor is subject to the direction and control of the court in which the judgment was obtained upon which the proceedings are founded. This action was commenced by leave granted by this court, and the receiver’s appointment confers upon him the right to compel a discovery on defendant’s oath of all his property.
I am of the opinion that the seat in the cotton exchange was an incorporeal right which Baggett had at the time he became bankrupt, and was in the fullest sense property, and that the franchise and privileges secured to the exchange by its charter, and the high price of the initiation fee show that it was valuable property. Nor can I doubt that had there been no supplemental proceedings under which a receiver was appointed it would have passed subject to the rules of the cotton exchange to his assignee in bankruptcy, and if there had been left in the hands of the members of the board any balance after paying the debts due to the members, and all penalties and charges, that balance might have been recovered by the assignee.
The question whether the seat in the board was property, has been fully settled in a late case almost if not entirely indentical with the case at bar (Hyde *71 v. Woods, 4 Otto, 524). It is there held that a seat in such a board is not a matter of absolute purchase. That there is no reason why the stock board should not make membership subject to the conditions and rules of the board unless it is a violation of some statute, or some principle of public policy. The reason given is sound, “ that the rule entered into and became an incident of the property when it was created, and remains a part of it into whose hands soever it may come” (See also Nichols v. Eaton, 91 U. S. 716).
The question being settled that the seat in question ■ is property of value, I think it is the duty of the court to enforce its transfer for the plaintiff’s benefit in this action, either to a receiver or to a third person qualified to work out the designs of the law.
We have seen that the personal estate of the debtor becomes vested in the receiver from the time, and by virtue of his appointment. The entry of the order appointing the receiver places the title of all the personal property in him. The provisions of the Code relating to supplemental proceedings were enacted for the pur- • pose of making the property of the debtor available assets in his hands to pay his debts.
By a by-law of the exchange this property cannot be assigned to any one but members and to members elect. It cannot, therefore, be assigned to the receiver, as he is neither a member or a member elect. If this property cannot be reached by the receiver by reason of the restriction placed on its transfer by a by-law of the cotton exchange, then to this extent the object and intention of the Code becomes not only a dead letter but lifeless in spirit. These restrictions, however, do not form an insurmountable obstacle. Bights of property from time immemmorial could be reached by a creditor’s bill, and it is now well settled that the same result may be accomplished by proceedings under the Code which furnish a substitute for that proceeding in chancery. *72 Personal property passes to the receiver without assignment ; but if an assignment be necessary to effect the purpose of the law I do not question the power of the court to direct it to be done. It is not an indispensable requisite that such assignments should be made direct to the receiver. It may be made to said purchaser from him who is either a member or member elect of the exchange, or to a member or member elect to hold in trust to assign under the receiver’s direction to said purchaser from him, who shall be either a member or member elect.
I, therefore, direct an assignment to be made to Mr. Crevas or some other competent and fit member of the cotton exchange with apt and proper directions.