MARY MONARQUE, PLAINTIFF, v. ELIZA MONARQUE AND
OTHERS, DEFENDANTS.

*Action for the construction of a will — jurisdiction of Supreme Court over,
though not called on to exercise its equity powers — decree of such court bind-
ing, when no objection is made to its hearing the case.*

In 1864 one Monarque died, leaving a will, by which he devised certain real
estate to his wife for life, and, on her death, to his four children, for their lives,
and after their death to their respective children, in fee. In 1876 one of the
children of the testator brought an action in the Supreme Court for the con-
struction of the will, alleging certain portions thereof to be invalid. The
widow, who was also the executrix, the other three children, and all the grand-
children, were parties, the adults appearing by attorneys and the infants by
guardians *ad litem*, duly appointed. In this action it was adjudged that cer-
tain portions of the will were invalid, and that the fee vested in the three
children of the testator, subject to the life estate of the widow, and that the
grand-children had no interest therein.

Subsequently the present action was brought to partition the real estate, the
widow and children being made parties, but not the grand-children. Upon a
motion to compel purchasers, who had bought at a sale under a decree herein,
to complete their purchases, *held*, that the Supreme Court had jurisdiction of
the action brought to procure a construction of the will.

That as no objection was made to its hearing and deciding the same, the par-
ties thereto, including the infant grand-children, were bound by the decree,
even though it were erroneous, and whether the case was one in which a court
of equity was called on to exercise its powers or not.

That, as the grand-children were thereby adjudged to have no interest in
the land, they were not necessary parties to an action for its partition.

That the purchasers should be compelled to complete their purchase.

APPEAL from an order made at Special Term, compelling the
purchasers at a sale had under a decree of partition herein to
complete their purchases.

Jeremiah H. Monarque died in 1864, leaving a widow, four
daughters and several grand-children, and leaving a will which, in
substance, purported to give his property, real and personal, to
his widow, for life, after her death to his daughters for life, and
after their deaths in fee to his grand-children.

This will was duly admitted to probate, and in 1876 an action
(*Monarque* v. *Requa*) was commenced in the Supreme Court to
obtain a judicial construction of it by Mary Monarque, one of the

daughters, who named as defendants the widow and executrix, the other surviving daughters and the grand-children, all of whom were properly brought before the court and appeared by attorney or guardians *ad litem.*

The matter came on to be heard at Special Term, and a decree was made declaring the life estate in the widow valid, and the subsequent devises void, as against the statute of perpetuities, and adjudging the fee, upon and after the widow's death, to descend to and vest in the heirs-at-law, to wit, the daughters.

Adjudging, in effect, that the grand-children had no interest in the estate of the testator, whether real or personal.

Subsequently, the widow conveyed an undivided third of her life estate to the said Mary Monarque, who shortly afterward commenced this suit to partition the premises described in the complaint, and left by her father, making parties to it, besides mortgagees, the widow and her surviving sisters, but not the testator's grand-children.

The result was a decree directing a sale. The sale was duly had, and the purchasers having refused to take title on the ground that the said grand-children should have been parties to this suit, a motion was made to compel them to complete their purchases. From the order granting such motion, this appeal is taken.

*Geo. W. Zener*, for the appellant, Daniel Maujer (purchaser).

*Max Brill*, for the appellant, J. A. Goeller (purchaser).

*Geo. Thompson*, for the appellant, S. W. Woolsey (purchaser).

*J. W. Hawes*, for the plaintiff respondent. The grand-children were neither necessary nor proper parties to this suit. The judgment in *Monarque* v *Requa*, cutting off their rights, never having been appealed from, is *res adjudicata* and conclusive on them, and cannot be questioned collaterally. (*Blakely* v. *Calder*, 15 N. Y., 617 ; *Howell* v. *Mills*, 56 N. Y., 226 ; *De Forest* v. *Farley*, 62 id., 628 ; *Schaettler* v. *Gardiner*, 47 id., 404 ; *Ray* v. *Rowley*, 1 Hun, 614 ; *Hunt* v. *Hunt*, 72 N. Y., 217.) The fact that there are infant parties makes no difference. (*Blakely* v. *Calder*,

and *Howell* v. *Mills*, and *Bosworth* v. *Vandewalker*, 53 N. Y., 597.) The court also had jurisdiction of the subject-matter of *Monarque* v. *Requà.* The cases cited by the purchasers are all those in which the court declined to take jurisdiction of the action because there was a remedy at law, and in which that objection was taken in time. But it is a well-known principle of equity that when that objection is not taken by demurrer or answer, it is waived, and the court has power and will go on and try the case. This objection was not taken in *Monarque* v. *Requa.* (*Chapman* v. *Phœnix Nat. Bank*, 5 Abb. [N. C.], 118 ; *Lange* v. *Benedict*, 73 N. Y., 12, at pp. 27 *et seq.* ; *Bangs* v *Duckinfield*, 18 N. Y., 592 ; *Matter of the Empire City Bank*, 18 N. Y., 199 ; *People* v. *Sturtevant*, 9 N. Y., 263, at p. 269 ; *De Bussierre* v. *Holladay, infra;* *Ludlow* v *Simond*, 2 Caines Cases ; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch., 528, at pp. 574 and 575 ; *Livingston* v. *Livingston*, 4 Johns. Ch., 287. at p. 290 ; *Underhill* v. *Van Cortlandt*, 2 id., 339 ; *Cox* v. *James*, 45 N. Y., at p. 562 ; *Green* v. *Milbank*, 3 Abb. [N. C.], at p. 149 ; *Truscott* v. *King*, 6 N. Y., at p. 165 ; *Grandin* v. *Le Roy*, 2 Paige, 509 ; *Le Roy* v. *Platt*, 4 id., 77 ; *Bank of Utica* v. *City of Utica*, 4 id., 399 ; *Cumming* v. *Mayor, etc., of Brooklyn*, 11 id., 596 ; *Hawley* v. *Cramer*, 4 Cow., 717 ; *Clarke* v. *Sawyer*, 2 N. Y., 498 ; *Post* v. *Hover*, 33 id., at p, 602 ; *Heath* v. *Hubbell*, 6 Daly, 183 ; *Roderigas* v. *East River Savings Institution*, 63 N. Y., 460 ; *Bolton* v. *Jacks*, 6 Robt., at pp. 219 and 220.)

PRATT, J. :

Aside from any technical question, whether the grand-children of Jeremiah Monarque are bound by the proceeding, in the case of *Monarque* v. *Requa*, we think that the decision in that case was right as to the construction of the will, and that their grand-children have no claim upon the property in question. (*Colton* v. *Fox*, 67 N. Y., 348.) That action, however, was in the Supreme Court, and if the court acquired jurisdiction of the parties and of the subject-matter, the decision had the effect to cut off all right or claims of the grand-children to the premises, and they were not necessary parties to the partition suit in which the judgment was rendered under which the appellants purchased the property.

The general rules as to acquiring jurisdiction of the person apply as well to infant defendants as to adults.

In the suit first mentioned, all the parties appeared; the adults by attorney, the infants by a duly appointed guardian *ad litem*, and answered upon the merits of the action.

That the court had jurisdiction of the subject-matter of the action for all purposes of this motion is also clear.

The judgment in the first suit was recovered in the Supreme Court, and could not be attacked collaterally when offered in evidence in the second suit. The intendment of law is, that a court of general jurisdiction has jurisdiction both of the subject-matter and person until the contrary appears. The subject-matter of the suit was the construction and validity of a will; and even though a judgment may be erroneous, it is valid and binding until reversed on appeal.

That the Supreme Court had jurisdiction to adjudge concerning the questions involved cannot be doubted, but whether, upon the particular state of facts disclosed, a court of equity was called upon to exercise the power to adjudge, is a question we are not called upon to decide, as the parties submitted themselves without objection, and required the court to adjudicate upon the question presented. In the case of *Clarke* v. *Sawyer* (2 N. Y., 498), there was a bill filed by the heirs of a decedent to *anull a will*. In the Court of Appeals the point was raised, for the first time, that a Court of Chancery had not jurisdiction, upon the facts of the case, to declare the will void, but that the remedy was at law. The court says: "It is true that a court of equity will not entertain jurisdiction to set aside a will of real estate for fraud, or on the ground of the testator's incompetency, where there is a perfect remedy at law, and the objection to jurisdiction is taken in due season; but after litigating the question on the merits, without raising the objection in the two inferior courts, it is now too late to raise it here unless the Court of Chancery is wholly incompetent to grant the relief asked for, for the entire want of jurisdiction" (for instance, if it was asked to pronounce sentence of death on a murderer). "Where the parties have submitted themselves to jurisdiction of a court of equity without objection, as in this case, I have no doubt that court can adjudicate upon the question of the

validity of a will of real or personal estate." In *Post* v. *Hover* (33 N. Y., 602) the Court of Appeals affirms a judgment of the Supreme Court, adjudicating upon a will at the suit of heirs-at-law, although it intimates that the complaint should have been dismissed for want of equity, if the objection had been made in season. In the case of *De Bussierre* v. *Holladay* (4 Abb. [N. C.],) VAN VORST, J., says, at page 121 : " The term ' jurisdiction,' as used in relation to inquiries of this character, does not refer to the naked question of power, but rather to the fact that such power has or has not been usually exercised." If the complaint discloses a cause of action, the Court (Supreme), as now organized, has jurisdiction to try it and render a valid judgment thereon, whether the relief to be awarded be equitable or legal, or both. We think the court had jurisdiction in the case of *Monargue* v. *Requa,* and that the decision was binding upon the infant defendants. This is in no way inconsistent with the decision in the case of *Chipman et al.* v. *Montgomery* (63 N. Y., 221). In that case the question was raised by timely objection as to the propriety of a court of equity entertaining the action, and the Court of Appeals affirmed the judgment rendered below dismissing the complaint, with costs. The question whether, if the parties had submitted to the jurisdiction and tried the case upon the merits, the court could render a valid judgment was not passed upon. In this opinion, the case of *Bowers* v. *Smith* (10 Paige, 193) is referred to with approval, and it is a leading case upon this question. At page 201 of that case the chancellor says : " The defendants in their answers in this case have made no objection to the jurisdiction of the court, to declare the construction of the will, and if all those who are, or may be affected by the decision of the questions arising upon the various provisions therein contained were before the court, so as to make the decree valid and effectual and binding upon their rights, it might be proper for me to proceed and settle the questions raised in the complainant's bill." It will be seen, therefore, that the decision in the case of *Chipman* v. *Montgomery* was not predicated upon a want of power in a court of equity, to entertain jurisdiction in such a case upon the consent of the parties, but upon a disinclination to exercise it in that case, it appearing that the plaintiff had a clear and adequate remedy at

law. If those views are correct, it is not necessary to discuss the question whether, in the suit of *Monarque* v. *Requa*, the plaintiff had an adequate remedy at law. The appellants, also, claim that the decree in *Monarque* v. *Requa*, is fatally erroneous, because it does not contain a clause giving the infants a day, after they came of age, to show cause against it.

This was formerly the rule in chancery practice, but cases decided to be for the benefit of the infant do not come within the application of this rule, although in the main, the action be adverse to the infant.

The action was clearly for the benefit of all the parties to determine their respective rights under the will which was the subject of the action. In any view of the facts represented upon the motion, the appellants can secure a good merchantable title to the property in question under their bids, and must be held to perform their contract.

Order affirmed, with costs and disbursements.

Present—BARNARD P. J., and PRATT, J.;. DYKMAN, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.