Theophilus D. Powell, as Receiver, Respondent, *v.* Alfred Waldron et al., Appellants.

By the by-laws of the "New York Cotton Exchange" a seat in the Exchange, the right to which is evidenced by a certificate of membership, is transferable by assignment of the certificate to members under certain prescribed rules and restrictions. *Held,* that such a right was property, and as such passed to a receiver appointed in supplementary proceedings on execution against the owner; and that the receiver had a right to redeem the seat when it had been pledged by the judgment debtor as collateral for a loan.

In an action by such a receiver to redeem and to compel the holder of a certificate so pledged to re-transfer on payment of the loan, *held,* that defendant could not defend on the ground of irregularities in the appointment of the receiver, it appearing that the judgment debtor consented to the appointment and so waived all irregularities.

On trial at Special Term of such an action, defendant demanded a trial by jury. This was denied, and a judgment directing a transfer of the certificate to plaintiff was rendered. *Held,* that a refusal of the demand was not error, as the action was an equitable one, and the effect of the ruling was to make it impossible to turn it into an action at law and compelled plaintiff to stand or fall in equity; also that the demand did not deny or challenge the equitable jurisdiction; and as no motion was made to dismiss the complaint or for judgment on the ground that no equitable cause of action had been shown, and as no exception was taken to the findings of law or fact, the defendant, by not objecting, submitted to the equitable jurisdiction and the question could not be considered here.

(Argued May 5, 1882 ; decided May 30, 1882.)

Appeal from judgment of the General Term of the City Court of Brooklyn, entered upon an order made February 12, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, as receiver, appointed in supplementary proceedings on execution against Louis L. Robbins, to redeem a seat in the New York Cotton Exchange, of which said Robbins was a member.

The complaint alleged in substance and it appeared that Robbins pledged his certificate of membership which entitled him to the seat, as collateral security for his note given for a loan,

which note with the security was transferred to defendant, who upon tender of the amount unpaid upon the note, refused to accept or to transfer the certificate to plaintiff.

Said Exchange was a corporation duly organized with power to make by-laws, etc., and by its by-laws a certificate of membership could be transferred, after giving notice as prescribed, and under certain restrictions, but only to a member or a member elect by a surrender to the treasurer, with a duly executed assignment thereof, and the payment of specified fees for transferring, whereupon the treasurer was required to issue a new certificate to the purchaser. The judgment under which plaintiff was appointed receiver contained a provision that Robbins, the defendant therein, should assign and transfer to the plaintiff therein his seat or certificate of membership at its market value in payment of the money judgment rendered.

The action was noticed for trial at Special Term. When it was moved for trial defendants demanded a trial by jury which was denied, and defendants excepted.

*Raphael J. Moses, Jr.*, for appellants. Defendant was entitled to a trial by jury. (*Durant* v. *Einstein*, 35 How. 241; *Earle* v. *N. Y. Life*, 7 Daly, 305; affirmed, 74 N. Y. 618; *Selden* v. *Vermilyea*, 3 id. 525; *Lewis* v. *Varnum*, 12 Abb. Pr. 308; 56 N. Y. 12; 36 id. 569, 573.) A receiver in supplementary proceedings differs from an assignee in bankruptcy, or one holding title by assignment from the debtor. (*Rutherford* v. *Hewey*, 59 How. Pr. 231; Equity, Steuben county; *Dubois* v. *Cassidy*, 75 N. Y. 302.) This, being a mere contingent interest of the debtor, would not pass to a receiver. (*Underwood* v. *Sutcliffe*, 77 N. Y. 62.) Until there has been a sale and a surplus ascertained it does not become property, but is a mere license or privilege to do business. (*Pancoast* v. *Gowan*, 7 Weekly Notes, 458; *Pancoast* v. *Houston*, 5 id. 36.) The failure of the plaintiff, Samuel E. Freeman, to comply with the terms of the decree of January 19, 1878, forfeited his rights in the seat, and that of his successors in trust. (*Penine*

v. *Dunn*, 4 Johns. Ch. 140; *Dunham* v. *Jackson*, 6 Wend. 22; *Sherwood* v. *Hooper*, 1 Barb. Ch. 650.)

*Archibald C. Shenstone* for respondent. An action to redeem a pledge, where the pledge has been assigned, where the question of tacking is at issue, or where an accounting is asked for, is an equitable action. (2 Story's Eq., § 1032; Snell's. Princ. of Eq. 281; *Adams* v. *Claxton*, 6 Vesey's Ch. 229; *Roberts* v. *Sykes*, 30 Barb. 173; *Stoker* v. *Cogswell*, 25 How. Pr. 305, 308; *Stokes* v. *Verrier*, 3 Swanst. 634; *Jones* v. *Smith*, 2 Vesey, Jr.'s Ch. 372; *Vanderzee* v. *Willis*, 3 Brown's Ch. 20; *Cortelyou* v. *Lansing*, 2 Caines' Cases, 200, 210; *Lewis* v. *Mott*, 36 N. Y. 395, 398; 2 Spencer's Eq. 772; 2 Story's Eq., § 1034; Kent's Com., Lect. 40, 585; Story's Bailments [9th ed.], 309, note; Story's Eq., §§ 717a, 718; 3 Black. Com. 432; 1 Powell on Mortgs. 335; *Demainbray* v. *Metcalf*, 2 Vernon, 691; *Brown* v. *Runals*, 14 Wis. 693; Smith's Manual of Eq. 318 [Ingersoll's ed.]; 2 Story's Eq., §§ 1032, 1263; *Perry* v. *Craig*, 3 Mo. 360; Fonblanque on Eq. 493; *Hart* v. *Ten Eyke*, 2 Johns. Ch. 62, 100; *Wayne* v. *Griswold*, 3 Sandf. 462, 478; 1 Bacon's Abridg. 611; *Kemp* v. *Westbrook*, 1 Vesey, Sr., 278.) The objection that plaintiff has a full remedy by law must be taken by answer. (*Cox* v. *James*, 45 N. Y. 557, 562; *Bell* v. *Spotts*, 40 Supr. Ct. 552; *Green* v. *Milbank*, 3 Abb. N. C. 138, 149; *Le Roy* v. *Platt*, 4 Paige, 77; *Cummings* v. *The Mayor*, 11 id. 596; *Grandin* v. *Le Roy*, 2 id. 509; *Clark* v. *Sawyer*, 2 N. Y. 498; *Truscott* v. *King*, 6 id. 147, 165; *Pam* v. *Vilmar*, 54 How. Pr. 235, 238.) The allegation that plaintiff's appointment as receiver was " duly " made is in strict accordance with the provisions of the Code, § 532. (*Rockwell* v. *Merwin*, 45 N. Y. 166; *Manley* v. *Rassiga*, 13 Hun, 288, 289.) The judgment-roll was properly admitted in evidence, defendant's attorney having failed to state the grounds of his objection and exception. (*Elwell* v. *Dodge*, 33 Barb. 336, 339; *Fountain* v. *Petree*, 38 N. Y. 185; 12 id. 451; 6 id. 30 and 347; 3 id. 247; 14 id. 328; 47 id. 576; 37 id. 435; 3 Hill, 609; 5

Bosw. 312.) Where a judgment debtor appears in court in a legal proceeding against him, in which the court has jurisdiction, and consents that a receiver be appointed to take charge of his property, no other person can dispute the regularity of the proceedings and appointment. (*Lindley* v. *Sherman*, 1 Code R. [N. S.] 25; *Bowman* v. *Tallman*, 28 How. Pr. 482; 1 Tidd's Pr. 12; *Livingston* v. *Delancy*, 13 Johns. 537, 550; *Oakley* v. *Becker*, 2 Cow. 454; *Hommediu* v. *Stowell*, 18 Abb. Pr. 336; 4 Wait's Pr. 630–631; *Tyler* v. *Willis*, 33 Barb. 327; *Morgan* v. *Potter*, 17 Hun, 403; *Underwood* v. *Sutcliff*, 10 id. 453; *Berry* v. *Riley*, 2 Barb. 307.) A seat in the New York Cotton Exchange is property that will pass to a receiver in proceedings supplementary to execution, subject to the lawful rules and by laws of the Exchange. (*Grocers' Bk.* v. *Murphy*, 11 Weekly Dig. 538; *In re Ketcham*, Bankrupt Daily Register, February 9, 1880; *Ritterband* v. *Baggett*, 42 Supr. Ct. 556; *Hyde* v. *Woods*, 4 Otto, 524; *Gallagher* v. *Lane*, 19 N. B. R. 224.)

FINCH, J. We think the right of the judgment debtor to a seat in the Cotton Exchange was property. That it had value was proved and is conceded ; and that it could be transferred to a certain class of purchasers, under prescribed rules and conditions, is also established. The defendants took it as collateral to the note of Robbins and held it as security for that debt, and thereby plainly treated it as valuable property. Although of a character somewhat peculiar, its use restricted, its range of purchasers narrow, and its ownership clogged with conditions, it was nevertheless a valuable right, capable of transfer and correctly decided to be property. (*Hyde* v. *Woods*, 4 Otto, 524; *Ritterband* v. *Baggett*, 42 Supr. Ct. [10 J. & S.] 556; *Grocers' Bank* v. *Murphy*, 11 Week. Dig. 538; *In re Kecham, a Bankrupt*, Daily Reg. Feb. 9, 1880.) It was something more than a mere personal license or privilege, for it could pass from one to another of a certain class of persons and belong as fully to the assignee as it did to the assignor. That characteristic gave it not only value which might attach

to a bare personal privilege, but market value which usually belongs only to things which are the subjects of sale. However it differed from the incorporeal rights earlier recognized and described, it possessed the same essential characteristics. It could be transferred from hand to hand and all the time keep its inherent value, and be as freely and fully enjoyed by the permitted purchaser as by the original owner. We should make of it an anomaly, difficult to deal with and to understand, if we failed to treat it as property. The authorities which determine it to be such, seem to us better reasoned and more wisely considered than those which deny to it that character, although the subject of ownership, of use, and of sale.

Being property, it passed to the receiver in the supplementary proceedings, subject to the lien or right of the defendants. It bears no resemblance to the resulting trust referred to in *Underwood* v. *Sutcliffe* (77 N. Y. 62), for that vested wholly in the creditor for whose benefit it was raised, and no estate or interest, legal or equitable, remaining in the debtor, there was nothing for his receiver to take. Nor does it matter that the creditor, by his judgment previously obtained, had gained some hold upon and right to the seat considered as property. If he had a double remedy it was not for the defendants to dictate which he should pursue. There is but one claimant and no conflict of title. Nor are the defendants aided by the alleged defects in the appointment of the receiver. The judgment debtor consented and thereby waived all irregularities. (*Tyler* v. *Willis*, 33 Barb. 327 ; *Morgan* v. *Potter*, 17 Hun, 403.) The defects suggested were of that character, and cannot be considered between the present parties and in a collateral action. The right of the plaintiff, therefore, to redeem the seat of Robbins, upon payment to the defendants of the debt as security for which they held it, appears to us clear. Upon tender of that amount all right of the defendants to retain the seat and certificate disappeared, and they were bound to restore and assign it to the receiver. Whether he could make it available, or in what manner convert it into money, or how it might prove to be incumbered under the rules of the Exchange, are

after questions in which the defendants have no present interest.

They insist, however, that the plaintiff mistook his remedy, and should have resorted to a legal instead of an equitable action. He came into court upon a complaint setting forth what he claimed to be an equitable cause of action and asking the appropriate relief. As to him no mistake was made in treating it and trying it as such. (*Davison* v. *Associates of Jersey Co.*, 71 N. Y. 340.) The defendants were at liberty to question its character, but what they did was merely to demand a trial by jury. The request was ambiguous. It was not necessarily inconsistent with a concession that the action was of an equitable character, for in such actions a jury trial of one or more of the issues of fact may be granted or refused in the discretion of the court. (Code, §§ 971, 972.) But probably the request meant and was understood to mean something else. It was doubtless intended as a contention, that upon the facts stated there was a legal cause of action which should be tried before a jury. The ruling held the contrary and the defendants excepted. This ruling was right on the assumption that it was an equitable and not a legal action which was being tried. That was certainly the fact. No common-law judgment was rendered. That, as the case stood, could only have been for damages, but the relief awarded was that the defendants assign the certificate to the plaintiff. Practically the defendants' demand and the ruling of the court made it impossible for the plaintiff to turn his equitable action into one at law ; left him deprived of an alternative ; and compelled him to stand or fall in equity. Thus far there was nothing of which defendant could complain. The case was narrowed to an equitable cause of action or none, and the way was cleared by the ruling of the court to a consideration of that question. But it was not raised. A motion to dismiss the complaint, or for judgment on the facts as proved, on the ground that no equitable cause of action was shown, would have reached and tested all that remained of the case. The motion which was made went upon other grounds. It did not deny or challenge the equitable jurisdiction. No exception

was taken to the finding of facts, and none to the legal conclusion that upon those facts the plaintiff was entitled to the equitable relief demanded by his complaint, and the question now sought to be argued is in no manner presented for our review. The defendants submitted to the equitable jurisdiction by not objecting to it. The trial court was not asked to say that there was no equitable cause of action by reason of an adequate remedy at law, or for any other reason which would bar the jurisdiction of equity, and we cannot consider such objection when urged, for the first time on appeal. (*Clarke.* v. *Sawyer*, 2 N. Y. 498 ; *Truscott* v. *King*, 6 id. 147 ; *DeBussierre* v. *Holladay*, 55 How. Pr. 210.)

We think no error was committed in the disposition of the case and the judgment should be affirmed, with costs.

All concur, except MILLER and TRACY, JJ., absent.

Judgment affirmed.