# CITY COURT OF NEW YORK.

## HENRY P. LONDHEIM *et al.* agt. CUMBERLAND G. WHITE *et al.*

*Supplementary proceedings — Receiver — Stock Exchange membership — Seats in Stock Exchange property and subject to payment of debts.*

A seat or membership in the New York Stock Exchange is valuable property and subject to the payment of debts.

Although a receiver cannot, under the rules of the Stock Exchange, take an assignment of such seat or membership, the court has power to direct an assignment to a person other than the receiver, qualified under such rules to hold it. All the rights and interests of the Stock Exchange in such seat or membership are fixed and determined and cannot be divested or infringed by any order of the court, therefore the Stock Exchange is not a necessary party to a proceeding to compel a transfer.

*Special Term, February,* 1884.

MOTION on behalf of Samuel B. Hamburger, receiver in supplementary proceedings, to compel Cumberland G. White, one of the defendants and judgment debtors, to transfer to said receiver his seat or membership in the New York Stock Exchange, and for such other relief as may be just.

*Jonas H. Goodman,* for receiver.

*Joseph Ullman,* for plaintiff.

*Charles H. Reed,* for judgment debtor.

HALL, *J.* — Upon this motion there is no question raised as to the regularity of the proceedings or the appointment and qualification of the receiver. And it appears from the examination and is admitted that Cumberland G. White is the owner of a seat, or membership, in the New York Stock Exchange. The objections urged to the motion are:

*First.* That a judge has no power to order a judgment debtor by an *ex parte* order to execute such assignment.

*Second.* That a receiver cannot take an assignment of a seat

or membership in the New York Stock Exchange, as he is not a member, or member elect, of such exchange.

*Third.* That the New York Stock Exchange has an interest in all seats or memberships, and hence is a necessary party to any proceeding to transfer the same.

And it is also claimed, incidentally that the seat or membership in said exchange is incorporeal and not capable of transfer by assignment and is merely a personal privilege.

It is sufficient to say in regard to the first point that the *ex parte* order directing the transfer is only in the alternative, requiring the judgment debtor to execute an assignment or to show cause why he should not be required to do so; he has not executed the assignment and now appears to show cause. In fact, the order to show cause is equivalent only to a notice of motion to compel the transfer, and, if necessary, the direction contained in it may be treated as mere surplusage, which has not in any manner injured or prejudiced the judgment debtor.

It must be conceded, I think, in the light of all the decisions, that a seat or membership in the Stock Exchange is property, and should be applied in the same manner as other property of a debtor to the payment of his debts. It may be surrounded and clogged with conditions and restrictions, but still it is property available for the payment of debts, and can be made available for that purpose subject to and by an observance of those restrictions and conditions.

That the membership is valuable is shown by the fact that the initiation fee is $10,000, and among all business men it has an established and tangible value. It is an asset upon which creditors have a right to rely for payment of debts. This question has been passed upon so frequently by the courts as to make it no longer doubtful or debatable (*Grocers' Bank* agt. *Murphy*, 60 *How. Pr.*, 426; *Ritterband* agt. *Baggett*, 4 *Abb. N. C.*, 67; *U. S. Dist. Court, Re Ketcham, Daily Reg.*, February 9, 1880; *Powel, rec'r,* agt. *Waldron,* 89 *N. Y.*, 328; *Platt* agt. *Jones, Supr. Ct., Gen. Term, MS.*

*opin.*): I quote a single sentence from the opinion of BEACH, J., in *Grocers' Bank* agt. *Murphy* (*supra*). He says, in reference to the contention of counsel that a seat in an exchange is not tangible property and cannot be reached by creditors: "If such a result may be attained, the efforts of an active imagination cannot circumscribe the associations human ingenuity will produce to thus transmute veritable assets into intangible and yet most substantial and valuable shadows.

The second point raised on behalf of the judgment debtor is that the receiver not being a member or member elect of the Stock Exchange cannot under the rules of the exchange take an assignment of the seat or privilege.

It is true, as claimed by counsel, that the New York Stock Exchange is a voluntary association, and that its seats or memberships are governed and restricted by certain rules and by-laws adopted by the exchange, and only in accordance with those rules and restrictions can a transfer of such membership be made so as to be available to the transferee. I have examined the constitution and by-laws of the New York Stock Exchange, and I find the following in regard to transfers of memberships:

"Any member shall have the right to transfer his membership under the provisions of the following sections:

"SECTION 1. When any member wishes to transfer his membership, the name of the proposed transferee shall be submitted to the committee on admissions, and on approval of two-thirds of said committee the transfer may be made, provided the member transferred has no unsettled contracts."

"SEC. 3. In no case shall any transfer of membership be permitted until all dues to the Stock Exchange shall have been paid in full, said dues being hereby declared a prior lien upon the proceeds, to be satisfied in full before any distribution thereof shall be made."

It may be said, in general terms, that all property of the judgment debtor not exempt by law passes to the receiver, upon his appointment and qualification and upon demand, and

upon a refusal to deliver such property to the receiver he may compel such delivery by motion or action. The property which the judgment debtor had in the membership in the Stock Exchange passed to the receiver, and he now seeks the aid of the court in order to render such property available for the payment of debts. The objection that the transfer cannot be made direct to the receiver is, it seems to me, one of form rather than substance, but if it were necessary I have no doubt of the power of the court to direct a transfer to the receiver, and that he might hold it as trustee for creditors and give a valid assignment of it to any one qualified to exercise its privileges. Such a course might, however, raise doubts and compel litigation to settle the questions, and I am of opinion that there is no need of any such circumlocution. The motion is for a transfer to the receiver, "or such other or further relief as may be just and equitable." I think this prayer for relief is broad enough to comprehend and include the transfer to a person other than the receiver, who may be qualified under the rules of the exchange. This view is sustained and borne out by all the authorities which I have been able to discover.

*Powel, receiver*, agt. *Waldron* (*supra*) was an action by a receiver in supplementary proceedings to compel the transfer to him of a membership in the Cotton Exchange which had been hypothecated by the judgment debtor to defendant. FINCH, J., delivering the opinion of the court, says : " Being property, it passed to the receiver in supplementary proceedings, subject to the lien or right of defendants." "Whether he could make it available, or in what manner convert it into money, or how it might prove to be incumbered under the rules of the exchange, are after questions, in which defendants have no present interest."

*Grocers' Bank* agt. *Murphy* (*supra*), BEACH, J., delivering the opinion of the court, says, in regard to the manner in which the membership may be transferred and made available: "Probably an order appointing a receiver, containing directions for the judgment debtor to do whatever may be

deemed needful to transfer the seat under the rules of the exchange, would accomplish the result sought. The right existing, the law is sufficiently comprehensive to its enforcement."

In *Ritterband* agt. *Baggett* (*supra*), SPIER, J., delivering the opinion, at special term, says : " The question being settled that the seat is property of value, I think it is the duty of the court to enforce its transfer for plaintiff's benefit in this action, either to a receiver or to a third person qualified to work out the designs of the law. By a by-law of the exchange this property cannot be assigned to any one but members ; it cannot, therefore, be assigned to the receiver, as he is neither a member or a member elect. If this property cannot be reached by a receiver, by reason of the restrictions placed upon its transfer by a by-law of the Cotton Exchange, then to this extent the object and intent of the Code becomes not only a dead letter, but lifeless in spirit. These restrictions do not, however, form an insurmountable obstacle. But if an assignment is necessary, I do not question the power of the court to direct it to be done. It is not an indispensable requisite that such assignment be made direct to the receiver ; it may be made to a purchaser from him who is a member or member elect."

*In re Ketcham, a bankrupt* (*supra*), which came before judge CHOATE upon a motion to compel a bankrupt to assign to his assignee, or to such person as the assignee might procure as purchaser, a seat in the New York Stock Exchange, and after a review of the authorities holding that such a seat was property, and subject to the payment of the debts of the bankrupt, judge CHOATE says, in regard to the manner of transferring it, and making it available for the payment of debts, &c. : " Whatever it may be necessary for the bankrupt to do to make the right available to the assignee, he will be required to do. There is no difficulty in effecting a transfer of this right or interest for a pecuniary consideration, subject to the condition that the debts of the present holder to members are first paid. I see nothing in the rules of the

exchange which renders it impossible for the seat to be disposed of by the assignee, with the co-operation of the bankrupt, subject to the condition above named. The peculiarities which distinguish this from other property are, in view of the evident purpose and scope of the bankrupt law, unessential, mere technical cobwebs which the law is strong enough to break through."

The last three cases are cited and approved in *Powel* agt. *Waldron* (89 *N. Y., supra*). The case of *Platt* agt. *Jones* is not in point upon this branch of the case, but will be referred to hereafter. The only remaining question then is, can the order be made in this proceeding in which the Stock Exchange is not a party?

In order to reach an intelligent determination of this question, it is necessary to inquire what rights, if any, the Stock Exchange has in the seat or membership which can in any manner be injured or infringed by such transfer. It has a right to refuse a transfer of the membership until all contracts of the present holder with members of the exchange are settled, and until all dues of the present holder are paid. And the person to whom the transfer is made in order to avail himself of the privileges of membership must be approved by two-thirds of the committee on admissions.

The Stock Exchange has been served with a copy of the notice of motion herein, and has notice of this proceeding, but it does not seek to intervene or assert any rights in the matter, but the judgment debtor, more tender of its rights than it is, raises the objection and seeks to obtain the benefit of it, but the exchange stands supinely and silently by without seeking to interfere, and probably for the reason that its rights in the membership are fixed and cannot be questioned or disturbed.

Although the exchange is not a party to this proceeding, yet, if any order necessary or proper to be made herein, would or could infringe or interfere with any of its rights, it certainly ought to be made a party in some manner more formal than

by a mere notice of a motion against one of its members. But no order which this court can make can in any manner impair or interfere with the rights of the exchange. The membership is now held under certain rules and restrictions which are reasonable, and the membership carries with it certain burdens, and any transferee of the same must take it *cum onere* and subject to all the rules which govern it in the hands of the present owner. Unless such transferee be a member elect of the exchange he cannot exercise or have any privilege under it, nor can a transfer release the membership from the burden of settling all outstanding contracts and the payment of all dues of the present owner. It was not even suggested in any of the cases cited, except *Platt* agt. *Jones,* that the exchange was a necessary party to a proceeding to procure a transfer of such a seat or membership, or that it could lose any rights by not being made a party.

The case of *Platt* v. *Jones* (*supra*), in which a manuscript opinion of SEDWICK, C. J., was handed up by counsel for the judgment debtor, I have examined very carefully, but do not regard it as containing any views contrary to those herein expressed. It was an action in equity, and the decision is that the equitable rights which plaintiff claimed were future and contingent, and that the contingencies feared had not arisen. And I find no reason given, either in this opinion or the brief of defendant's counsel, to show why the Stock Exchange should have been made a party to this proceeding. I am therefore of the opinion:

1. That the motion is regularly made, and the relief sought is sufficiently comprehensive to include a transfer of the membership to a person other than the receiver.

2. That although the receiver cannot take an assignment of the membership which would entitle him to exercise its privileges, the judgment debtor can be compelled to assign it to a person qualified to hold it under the rules of the exchange.

3. That the New York Stock Exchange has no interest in such membership which can be affected by any

order to be made hereon, and is not a necessary party to this proceeding.

Let an order be entered requiring and directing the judgment debtor, Cumberland G. White, within five days after service of a copy of such order, to execute any transfer, assignment or other instrument necessary for the purpose of vesting the title of his seat or membership in the New York Stock Exchange in such person as the receiver may procure to purchase the same for a suitable price, and who may be qualified to hold the same under the rules of such exchange, and subject to all claims against the same or the proceeds thereof existing at the time of service of the order to show cause under the rules of such exchange.

An order may be presented for settlement on one day's notice.