Brady, J.
On the 17th of April, 1876, William IT. Richards, an attorney and counsellor of this court, recovered a judgment against one Thomas 0. Clark, for professional services rendered to the latter. Such proceedings were had in reference to the judgment, that an order appointing a receiver of the debtor’s property was duly made. In May of the year named, Clark, the judgment debtor, commenced an action against the defendant in this suit to^ recover from the defendant moneys deposited by him, amounting, it was alleged, to the sum of $27,000, and upwards. In April, 1878, he obtained judgment, which, upon motion, was set aside, and a new trial granted. The second trial took place in April, 1881, and resulted in a verdict for him of $23,000, and upwards. This judgment was-reversed on appeal. The order appointing the receiver was *47 made between these two trials, and dated the 25th of July, 1882. Due notice thereof was given to the defendant, by service of a copy of the order upon its cashier, and a notice also that the receiver claimed to be the owner of the claim in suit in the action, to which reference has been made, forbidding the payment of it to Clark, or any settlement or compromise of it with him or any other person, without such receiver’s consent.
Notwithstanding the notice thus served upon the defendant hereip., in March, 1884, the defendant compromised the claim with Clark by paying him §2,000, for which it received a full release in writing of all demands, and thereupon the consent of the respective attorneys having been given thereto, the action mentioned was discontinued. All this was done without the consent and without notice to the receiver, to whom no part of the $2,000 given in compromise has been paid.
The plaintiff, as receiver of the property of Clark, commenced this action for the purpose of setting aside the settlement, release and discontinuance, on the ground that they were obtained in fraud of the rights of the receiver, and were therefore void.
This action was brought to trial at the special term, whereupon the defendant’s counsel moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, no facts alleging the necessity for the interference of a court of equity appearing, and the complaint assuming its statements to be true, showing a complete remedy at law. The motion was denied, and an exception taken. The defendant’s counsel then moved that the court compel the plaintiff to elect which remedy he sought to enforce, whether the legal or the equitable. This motion was denied, and an exception was taken. The defendant’s counsel then demanded a trial by jury, on the ground that the cause of action was one which had theretofore been tried by a jury, and that the defendant had a substantial right to such a trial, and the court, after examining the complaint, determined that there were grounds for equitable relief contained in it, and denied the motion. This procedure on the part of the plaintiff sustained by the decision of the court, required the plaintiff to establish an equitable cause of action He had placed himself distinctly upon that ground. Powell v. Waldron (89 N. Y., 333). To use the language employed there practically, the defendant’s demand and the ruling of the court made it impossible for the plaintiff to turn his equitable action into one at law, left him deprived of an alternative, and compelled him to stand or fall in equity.
The learned justice presiding upon the conclusion of the testimony, said: “The question in this case is, whether the *48 plaintiff is entitled to any equitable relief based upon the cause of action stated in the complaint.” And in response said: There is no reason for his coming into a court of equity to have that settlement set aside. It is not binding on bim in any way. He could maintain his action at law to recover that claim, if it were a valid claim, as an asset of Mr. Clark, and this so-called settlement or general release would not stand in his way at all.
It is well settled that an action of an equitable nature can not be maintained to cancel an instrument if the. circumstances are such that the plaintiff might bring a common law action, and then if the assailed instrument should be interposed as a defense, avail himself of the grounds for cancellation in rebuttal. Or, in other words, an action to. procure the cancellation of a written instrument can not be maintained unless some special circumstance exists establishing the necessity of resort to equity to prevent an injury which might be done and which equity alone is competent, to prevent.
It is not sufficient that a defense exist as against the instrument, or that evidence might be lost. Metropolitan Elevated Railroad Company v. The Manhattan Railway Company 14 Abb. New Cases, 103; Allerton v. Belden, 49 N. Y., 373; Town of Venice v. Woodruff, 62 N. Y., 462 ; and The Globe Mutual Life Insurance Co. v Reals, 79 N. Y., 202.
The defendant having been notified of the appointment of a receiver of the assets of Clark, and also of the claim of the receiver to any sum in which it might be indebted to him, and having made a settlement of the claim without notice to the receiver, and without his consent, it would be no defense to an action at law to recover the claim of _ Clark, if any existed, or was established by competent evidence, prima facie, and therefore applying the rule established by the case of Cowell v. Waldron (supra), the plaintiff must seek his remedy at law, and the disposition of the case upon that ground in favor of the defendant was not only proper, but was required in the administration of the law. Judgment should be affirmed with costs.
Daniels, J.
I agree to affirm on the ground that the liability of the bank, for the payment of any amount, was not proved. If it had been, then the cause of action would have been at law, and the suit should have been retained for a trial by jury.
Van Brunt, J., concurs.