ROOME *v.* SWAN.

(*City Court of New York, Special Term.* October, 1888.)

STOCK AND PRODUCE EXCHANGES—EXECUTION SALE OF SEAT—CONSENT OF DEBTOR.

A court will not require a debtor, whose right to a seat in a stock exchange has been sold by a receiver in supplementary proceedings, to sign a consent that the purchaser take his seat, or to formally resign his seat and nominate the purchaser as his successor, as the sale and purchase, being the act of the law, is equivalent to a resignation and nomination, though the rules of the institution require such written consent to be signed by the seat-holder upon the change of membership, but the debtor will be required to sign a consent that the purchaser be vested with the privileges inuring to his membership.

William P. Roome having commenced supplementary proceedings against his debtor, Samuel H. Swan, the receiver appointed therein sold a seat in the Consolidated Petroleum & Stock Exchange of New York, belonging to the defendant. The latter refusing to execute his written consent to the transfer, application was made for an order compelling him to do so.

*Merritt & Rodgers*, for receiver.   *R. S. Crane*, for defendant.

McAdam, C. J.   On the 18th of May, 1888, J. Hart Lyon, Esq., was appointed receiver of the defendant in supplementary proceedings, and on May 22d filed the required bond, and entered upon the duties of his office.   The defendant, at the time the proceedings were commenced, was the owner of a seat in the Consolidated Stock & Petroleum Exchange of New York.   The receiver, on September 26th, sold the seat to James B. Weir, Jr., for $825, and executed to the purchaser a bill of sale of the same.   In order to consummate the title of the purchaser, the rules of the exchange require that a consent be signed by the person in whose name the seat stands; and the defendant has refused to execute such a consent.   The receiver now applies for an order compelling the defendant to sign the required consent.   The application will be so far granted as to require the defendant to sign a consent that the purchaser be vested with all the rights, privileges, and interests which inure to his membership.   The court cannot, on this application, require the defendant to formally resign his membership, but the consent required is equivalent to such a resignation; nor can it compel the defendant to nominate or recommend as his successor a person not known to him, as the action of the court renders these formalities unnecessary, for the law will deem the purchaser to be the legal nominee of the defendant, as he does not now possess the authority to nominate any one else.   If the exchange refuses to accept the nominee, or refuses to act according to its duty in the premises, the receiver may take such action against it as he may be advised; the character of the action depending upon the final attitude of the exchange.   The defendant cannot anticipate the action of the exchange, or make any objection on its behalf, as that institution must, in the nature of things, determine its own course, upon such advice as it sees fit to follow.   These directions are in harmony with the policy of the law.   See *Bank* v. *Murphy*, 60 How. Pr. 426; *Londheim* v. *White*, 67 How. Pr. 467; *Ritterband* v. *Baggett*, 4 Abb. N. C. 67; *Powell* v. *Waldron*, 89 N. Y. 328; *Bailey* v. *Ryder*, 10 N. Y. 363.