---

(15 App. Div. 97.)

MEIER v. WILKINS et al.

(Supreme Court, Appellate Division, Second Department. March 16, 1897.)

CONVERSION—PROPERTY—LICENSE TO OCCUPY MARKET STALL.

The right to occupy a stall in a public market under a license from the city is not property which the licensee may transfer, so as to give the transferee a cause of action for conversion against a person to whom the licensee subsequently transferred his right to occupy the stall, and to whom a license was issued by the city, under which he took possession.

Appeal from trial term, New York county.

Transferred from the First department.

Action by Charles E. Meier against Peter Wilkins and another for conversion. From a judgment entered on a verdict in favor of plaintiff for $5,416.86 damages and costs, and from an order denying a motion for new trial, made on the minutes, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry M. Goldfogle, for appellants.

Thomas P. Wickes, for respondent.

BRADLEY, J.   The alleged cause of action is for the conversion of personal property, the plaintiff's title to which is founded upon a bill of sale made to him by Thomas Campbell, of date March 8, 1893, by the terms of which Campbell, in consideration of $11,000, sold to the plaintiff all the furniture, fixtures, utensils, and good will of the business of Campbell on the northwest corner of West street and Loew avenue, in stands Nos. 25, 26, and 27 West street and No 1 Loew avenue, in the city of New York, together with all the leasehold interest and right of possession owned and claimed by Campbell, the license granted to him by the board of excise to sell ales, wines, and liquors, and the stock on hand.   This bill of sale was made as security for the payment of the promissory notes made by Campbell of even date with it for $11,000, payable at four months.   In December following, Campbell, with the consent of the comptroller of the city, transferred the same property to the defendants in consideration of $10,-000, and they, by the defendant Buschmann, went into possession, and the comptroller granted to them a permit to occupy those stands.   Afterwards, on December 27, 1893, the plaintiff demanded of the defendants the possession of the stands, "together with all the personal property thereon and therein that formerly was the property of Thomas Campbell."   Their refusal to comply with such demand constitutes the alleged conversion.

The main question upon the merits requiring consideration has relation to the value of the property which is legitimately the subject of this action.   The sum expressed in the bill of sale to the plaintiff can have no bearing upon that question by reason of its purpose before mentioned, and because the consideration of $8,000 of the notes was the transfer to Campbell of that amount of the stock of what was known as the Mutual Racing Association, without any established market value.   The consideration of the sale and transfer to the defendants could properly be treated as having some bearing upon the question of value of the rights, property, and interests transferred, and within the contemplation of the parties to that sale and transfer.   Wells v. Kelsey, 37 N. Y. 143; Hoffman v. Conner, 76 N. Y. 121.   While evidence of the price paid by the defendants might be entitled to some consideration upon the question of value of all that which the bill of sale to the plaintiff purported to transfer to him, it could not be treated as evidence of the value of any portion distinguished from the whole of it.   This bill of sale, as has been observed, included the leasehold interest claimed by Campbell in the market stands, the good will of the business, and the license granted to him by the board of excise. The right to occupy the stands was dependent upon the permit or license of the comptroller of the city.   He had issued one to Campbell, who, by the terms of the permit, was required to pay to the city $38 weekly, in advance.   This permit was revocable by the comptroller, and could not be transferred without his written permission.   Nor was the license granted by the board of excise transferable.   The contemplated opportunities to conduct the business at the stands, furnished by such permit and license, were elements within the purchase, and, with the good will, constituted a portion

of that which was the subject of the consideration for which the bill of sale was taken as security by the plaintiff. The question is whether they can, for the purposes of this action, be treated as property for the purposes of relief in this action at law. The good will is property which may go to enhance the value of that to which it is legitimately incident. It has relation to the place where business has been conducted. In that view it may be that the stands, by the length of time and manner in which the business had been conducted there, had acquired a line of customers and a character of value to an occupant of the place for the like purpose. But it is not seen that this could enhance the value of the furniture and fixtures, because others could be supplied from elsewhere, just as available for use as those on the premises. The stands were under the control of the city, and could not be appropriated or occupied for the purposes of trade without the license or permit of the comptroller; nor could an effectual transfer be made, without his consent, by Campbell to the plaintiff. It would therefore seem that as against anybody other than Campbell the plaintiff acquired no right of occupancy of the market stands. As between them, the plaintiff derived by the bill of sale all the rights held by Campbell, who would be estopped from insisting that he had no property right in the stands. And it may be that in equity Campbell may, in behalf of the plaintiff, have been required to apply to the comptroller to grant a permit to render the transfer effectually beneficial to him. This was the view of the court in Re Gallagher, under the bankrupt law (16 Blatchf. 410, Fed. Cas. No. 5,192). By reason of the fact that the right to transfer and occupy market stands in the city of New York was dependent upon the permission and license of the city authorities, it was held in Barry v. Kennedy, 11 Abb. Prac. (N. S.) 421, that they were not property of the occupant in such sense as to permit the direction of the court that he, a judgment debtor, deliver the possession of a market stand to a receiver of his property. The court is not required to go so far as that in the present case. It may, however, be assumed that the remedy, if any exists, in the plaintiff to obtain the possession of the stands, is of an equitable nature, and its consummation dependent upon the voluntary granting of a permit of the comptroller of the city.

It appears that since the bill of sale was made to the plaintiff the relation of Campbell to the stands has terminated, and a permit has been issued to the defendants. They took possession by virtue of the only legal authority to permit any person to do so. They, therefore, in entering into the market stands, invaded no legal right of the plaintiff. We have examined the several cases relating to the disposition which the courts may direct to be made of property in seats or membership of institutions known as "Boards of Trade" and "Stock Exchanges" in proceedings on behalf of the creditors of their members, and think they have no essential application to any question in the case at bar. The seats of members in such boards, although held by rights subject to conditions, are in some sense property, and have, or are regarded as having, a value. They are incorporeal rights, which can only through the application

of equitable remedies be reached in behalf of creditors, and then by requiring assignment of them to persons having such relation of membership to the respective boards as to qualify them to take the transfer in conformity with the conditions to be observed. Ritterband v. Baggett, 4 Abb. N. C. 67; Powell v. Waldron, 89 N. Y. 328; Platt v. Jones, 96 N. Y. 24. In this action cognizance can be taken only of tangible personal property, and the remedy is in its nature legal, as distinguished from equitable. Fulton v. Fulton, 48 Barb. 581. This, for the reasons already indicated, excluded from the subject of the action the market stands as such, the good will of the business there, and the licenses of the comptroller and of the board of excise. Then there remains no basis for the amount of the recovery of $5,000, nor would that have been the amount of the verdict if the jury had observed the instructions given by the court in its charge to them. The highest value which any evidence tended to prove the property which can legitimately be included within the purpose of this action had was $1,500. The rulings which permitted the reception of some improper evidence may, in view of the charge of the court upon the subject, be deemed not to have been prejudicial to the defendants.

The judgment and order should be reversed, and a new trial granted, costs to abide the event, unless the plaintiff stipulates to reduce the recovery of damages to $1,500 and interest thereon from the 27th day of December, 1893, and in that event the judgment be so modified, and, as modified, affirmed, without costs of this appeal to either party. All concur.