OPINION OF THE COURT
York a C. Linakis, J.
In this matrimonial proceeding defendant husband seeks to strike the note of issue for a jury trial of all issues, including divorce, custody of the infant issue, exclusive occupancy of the marital abode, maintenance and child support and “equitable distribution”, pursuant to part B of section 236 of the Domestic Relations Law.
*2 Matrimonial actions, having originated in the ecclesiastical courts, are not actions in law but actions in equity where the equitable powers of the court are invoked (Cohen v Cohen, 160 App Div 240; Allan v Allan, 63 NYS2d 924).
What distinguishes an action at law from an action in equity is that an action at law is a proceeding where the relief afforded is ordinarily pecuniary damages, while an action in equity permits the court the discretionary power to adapt the relief to the circumstances of the case (Reubens v Joel, 13 NY 488).
Since matrimonial proceedings are matters of equity, there is no right to a jury trial and thus are not within the constitutional guarantees of a right to a jury trial (Reubens v Joel, supra; Powell v Waldron, 89 NY 328). The only change in this respect is for actions for divorce which have been made triable by jury by legislative enactment and by State constitutional provision.
It is well settled that: “The trial by jury of the question of adultery, when put in issue in an action for divorce, has been used ever since the power was given to the courts of this State to grant relief in such cases. This power was first transferred from the legislature to the Court of Chancery by Laws of 1787 (chap. 69.) In 1813 there was a further enactment on the subject (2 R. L., 197.) And afterwards it went into the revision of statutes. (2 R. S., 145, § 40.) The right of trial by jury in such cases was given by the statutes referred to, and was an existing right at the time of the adoption of the Constitution of 1846, and therefore comes within the provision before referred to of that instrument” (Conderman v Conderman, 44 Hun 181, 182).
The aforesaid document provided that, “ ‘The trial by jury, in all cases in which it has been heretofore’ used, shall remain inviolate forever. (Const. of 1846, art. 1, § 2.) *** ‘[Heretofore,’ in this clause, means before 1846, and cannot, to limit its meaning, be carried back to 1777, and confined to the cases which, at that earlier period, were triable by jury.” (Wynehamer v People, 13 NY 378, 427, 458.)
Therefore, it is apparent that the right to a jury trial concerning the grounds of a divorce was accorded to a party *3 by early legislative enactment, being incorporated into our State’s Constitution and currently being reflected by section 173 of the Domestic Relations Law.
Although the right to a jury trial with respect to the issue of divorce is in direct derogation of the equitable powers of the court, the equitable powers of the court still remain for all other matters incidental to a matrimonial proceeding.
Plaintiff has conceded in her opposing affidavit that a jury trial does not lie on the issues of custody, exclusive occupancy of the marital abode and support and maintenance. Accordingly, that portion of the note of issue which demands a jury trial on those issues is stricken, and those matters will be tried by the court exercising its equity powers.
Although plaintiff concedes the above, she demands a jury trial with reference to part B of section 236 of the Domestic Relations Law which she refers to as “equitable distribution of the real and personal property of the parties.”
The phrase “equitable distribution” used by plaintiff herself to describe the above statutory provision is not without significance. It is a term which in common practice has come to describe this recent legislative enactment. It is not a phrase to be used loosely nor is it a phrase without meaning. The phrase is clear and unequivocal — the intent of the statute is to deal with the equitable rights of the parties.
The preamble to this recent enactment (L 1980, ch 281) indicates that this enactment was intended to amend and repeal certain legislation in order to assure equal treatment of husbands and wives respecting support obligations and the consequences of the marital relationship.
As set forth in the executive memorandum in support of chapter 281 of the Laws of 1980 (currently Domestic Relations Law, § 236), the Governor stated: “The bill recognizes that the marriage relationship is also an economic partnership. Upon its dissolution, property accumulated during the marriage should be distributed in a manner which *4 reflects the individual needs and circumstances of the parties regardless of the name in which such property is held. In addition, it permits awards of maintenance to be made to meet the reasonable needs of a party without regard to gender.”
There is no question that the purpose and intent of part B of section 236 of the Domestic Relations Law (L 1980, ch 281) is to allow the court the discretionary power to adapt the relief to the circumstances of the particular case. There is no question that in such instances the court is utilizing its equitable powers (see Reubens v Joel, 13 NY 488, supra). There is no question that this is the reason why part B of section 236 of the Domestic Relations Law is commonly known as “equitable distribution” — the equitable powers of the court are invoked, equity controls.
After the issue of divorce is tried by jury there is no authority and no basis upon which a jury trial can be had of other matters incidental to the marriage relationship (Eliot v Eliot, 70 AD2d 612; Bush v Bush, 103 App Div 588).
As succinctly set forth by both the preamble and executive memoranda, and upon review of the statutory provision, “equitable distribution” is incidental to the marriage relationship and thus is a matter of equity and not a matter at law. Therefore, distribution of marital property pursuant to part B of section 236 of the Domestic Relations Law being a matter of equity, there is no right to a jury trial under this statutory provision.
Finally, except for that portion of the note of issue which requests a jury trial on the grounds of divorce, all other matters are stricken from the jury calendar and will be tried by the court exercising its equitable powers.