■ In the Matter of HIROMI SUMIYA, Respondent, v JOHN MURTARI, Appellant. [714 NYS2d 254] —Order unanimously af-

firmed without costs. Memorandum: Respondent contends that Family Court erred in denying his cross petition seeking joint custody. We disagree. The court was "in the best position to evaluate the character and credibility of the witnesses" (*Matter of Paul C. v Tracy C.*, 209 AD2d 955, 956). The record supports the court's determination that, based upon the parties' acrimonious relationship and inability to communicate in a civil manner, a change from sole custody to joint custody was not warranted (*see, Matter of Dube v Dube,* 259 AD2d 1041; *see also, Braiman v Braiman*, 44 NY2d 584, 589-590). The court also properly determined that petitioner's relocation was in the best interests of the child (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 741).

There is no merit to the contention of respondent that he was denied due process by the court's denial of his request for a jury trial. Subject to exceptions not present here (*see,* Domestic Relations Law §§ 143, 173), matrimonial actions and proceedings incidental thereto are matters of equity for which "there is no right to a jury trial and thus [they] are not within the constitutional guarantees of a right to a jury trial" (*Mandel v Mandel*, 109 Misc 2d 1, 2, citing *Reubens v Joel*, 13 NY 488, and *Powell v Waldron*, 89 NY 328). We have examined respondent's remaining contention and conclude that it is without merit. (Appeal from Order of Onondaga County Family Court, Bersani, J.—Custody.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Balio, JJ.