## Case No. 7,449.

### In re JONES.

[6 N. B. R. 386.] [1]

District Court, E. D. Michigan. Feb. 6, 1872.

Mr. Atterbury, assignee, in pro. per.
Mr. Pond, for bankrupt.

LONGYEAR, District Judge. The provision contained in the first clause of section 26, "that the court may, on the application of the assignee in bankruptcy, or of any creditor, or without any application, at all times require the bankrupt, upon reasonable notice, to attend and submit to an examination," etc., must be read and interpreted in connection with, and as qualified by, the subsequent provision of the same section, that "the bankrupt shall, at all times until his discharge, be subject to the order of the court," etc. The bankrupt cannot be required to submit to an examination under the former provision except by an order of the court. But by the latter provision he is subject to the order of the court only until his discharge. Clearly, therefore, he cannot be so required after his discharge. In re Dean [Case No. 3,701]. Ample time is allowed for the examination of the bankrupt before he can even apply for a discharge, (see section 29,) and the power to subject him to such examination remains until the discharge is granted. In re Solis [Id. 13,165]. After this time has passed, however, and a discharge has been granted, the power or means to discover assets by the examination of the bankrupt, under section 26, no longer remains. But the assignee and the creditors are not therefore necessarily remediless. The ordinary process and means for the discovery and the recovery by the assignee of property which ought to come to his hands remain the same after as before discharge, and I apprehend that the functions of the assignee for that purpose remain so long as there are any assets, the title to which passed to him, remaining uncollected, subject only to the limitations and actions as fixed by the act or by the general laws. They may also, under section 34, contest the validity of the discharge at any time within two years after its date, and if they succeed in setting it aside, then the case will again stand as it did before any discharge was granted, and the power of the court to require the bankrupt to submit to an examination, under section 26, will be revived. The order of November twenty-second, eighteen hundred and seventy-one, for the examination of the bankrupt being, as we have seen, unauthorized, the same is invalid and void. The order to show cause why the bankrupt should not be attached for disobeying the said order of November twenty-second must therefore be discharged, and the proceedings, as for a contempt, must be dismissed.