JOHN H. PLATT. as Assignee, etc., Appellant, v. EDWARD R. JONES, Respondent.

The firm of D. & J., at the time they were adjudged bankrupts, owned a seat in the N. Y. Stock Exchange, the title to which stood in the name of J.; this was included in their schedule of property. Plaintiff was appointed their assignee; an assignment was executed to him of all their property by the registrar in bankruptcy, and they were subsequently discharged. Notwithstanding the assignment, J. continued to use and enjoy his privileges as a member of the Exchange. By its constitution and by-laws, persons can become members and obtain seats therein only upon election as prescribed; and, subject to certain specified conditions, membership may be transferred in the mode prescribed, but not without the consent and approval of the Exchange. In an action to restrain J. from using and occupying his seat and to compel him to execute and deliver a proper instrument transferring all his interest in the same, *held*, that the seat or membership is in a certain sense property, and as between plaintiff and J. passed by the assignment in bankruptcy to and became vested in the former, and nothing more could be done by the latter to divest himself of such title, but, *held*, that the action of J. in continuing to act as a member in no way injured plaintiff; and, in the absence of evidence that he had in any way interfered with or denied plaintiff's rights, to preserve those rights, it was unnecessary to restrain such action, nor was a judicial declaration that the property in the seat passed to plaintiff necessary; and, therefore, that a refusal of the court to exercise its equitable jurisdiction was proper.

*It seems* that if, in order to make a transfer of the seat to some person who may be chosen a member of the Exchange, or who may take a transfer from plaintiff for the purpose of applying for membership, it shall become necessary for defendant to execute some further instrument, and he re-

Statement of case.

fuses, the jurisdiction of a court of equity may properly be invoked to compel him to do so.

*It seems* also that plaintiff in such case is not required to apply to the court in bankruptcy for relief ; the provision of the Bankrupt Act (U. S. R. S., § 5104) providing that the bankrupt, until his discharge, shall be subject to the order of the court, and shall execute all proper instruments and do all acts required of him by that court touching the assigned property, has no application.   The authority so conferred upon the court ceases upon the discharge of the bankrupt.

(Argued April 18, 1884; decided April 29, 1884.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made June 6, 1883, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.   (Reported below, 17 J. & S. 279.)

This action was brought by plaintiff, as assignee in bankruptcy of Stratford P. Davidson and Edward R. Jones, who composed the firm of Davidson & Jones, to restrain said Jones from using and occupying a seat in the New York Stock Exchange, and to compel him to assign and transfer the same to plaintiff.

The material facts are stated in the opinion.

*Chambers, Boughton & Prentiss* for appellant.   By the assignment in bankruptcy under section 5044, United States Revised Statutes, all the property of the defendant vested in plaintiff.   (*French* v. *Carr*, 7 Ill. 664; *Kinsee* v. *Winston*, 4 B. R. 21 ; *Comegys* v. *Vasse*, 1 Pet. 193, 218 ; *Phelps* v. *McDonald*, 99 U. S. 303.)   Defendant's membership or seat in the Stock Exchange and right to the "proceeds" thereof was property within the above section and decisions, and passed by the assignment to plaintiff.   (*In re Ketcham*, 1 Fed. Rep. 840 ; *Cox* v. *Hanger*, 3 Bulstr. 8 ; *Hyde* v. *Wood*, 4 Otto, 523–5 ; *In re Werder*, 15 Fed. Rep. 789; *Barclay* v. *Smith*, 22 Am. L. Rep. 435 ; *Elliot* v. *M. E. of St. Louis, etc.*, 17 Cent. L. J. 376.)   The fact that such seat or membership is transferable only to a certain class of purchasers, and upon certain conditions, does not affect its character as property or prevent the right of property in it from passing to an assignee.   (*Grocers'*

*B'k* v. *Murphy*, 60 How. 426 ; *Sewall* v. *Ives*, 61 id. 54 ; *Powell* v. *Waldron*, 89 N. Y. 331–2 ; *Ritterband* v. *Baggett*, 4 Abb. N. C. 67 ; *Gallagher* v. *Lune*, 19 N. B. Reg. 224.) While the assignment in bankruptcy vested the title to the seat in plaintiff it did not put plaintiff in possession of the property. He was entitled to a transfer from defendant. (U. S. R. S., §§ 5051, 5114 ; *In re Anderson*, 9 B. R. 360 ; *In re Pierson*, 10 id. 107.) The objection that the Stock Exchange should have been made a party defendant, not having been taken by demurrer or answer, so far as defendant is concerned, is waived. (Code, §§ 488, 498, 499.) The Superior Court has jurisdiction of the action. (U. S. R. S., § 711 ; *Kidder* v. *Horrobin*, 72 N. Y. 166–7–8 ; *Olcott* v. *Maclean*, 73 id. 225 ; *Goodrich* v. *Wilson*, 119 Mass. 429 ; *Phelps* v. *McDonald*, 9 Otto [99 U. S.], 303.) Assignees in bankruptcy may sue in any court of competent jurisdiction to recover the assets of the bankrupt. (*Claflin* v. *Houseman*, etc., 93 U. S. 129 ; *Burbank* v. *Bigelow*, etc., 92 id. 180 ; *Lathrop* v. *Drake*, etc., 91 id. 516 ; *Eyster* v. *Gaff*, id. 525.) The action is not barred by the short statute of limitations. (U. S. R. S., § 5057 ; *In re Conant*, 5 Blatchf. 84 ; *Stevens* v. *Hauser*, 39 N. Y. 305, 309, 310 ; *Clark* v. *Clark*, 17 How. [U. S.] 321 ; *Phelps* v. *McDonald*, 99 U. S. 306.)

*Will Man* for respondent. This court has not jurisdiction of the subject-matter of the action, the United States court having sole and exclusive jurisdiction of all proceedings in bankruptcy. (U. S. R. S., §§ 711, 5104.) As plaintiff does not show any possibility of damage to himself to arise from defendant's exercising the privileges that he seeks to enjoin, he has failed to prove a cause of action. (*Cox* v. *Clift*, 2 Comst. 118 ; *Scott* v. *Onderdonk*, 14 N. Y. 14 ; *Cohen* v. *N. Y. Mut. L. Ins. Co.*, 50 id. 624.) Plaintiff has no standing to sue the defendant in regard to any thing touching the bankruptcy matter. (U. S. R. S., §§ 5104, 5119.)

*Richard M. Bruno* for creditors of bankrupts. The dis-

charge in bankruptcy is not a defense. (U. S. R. S., § 5119.) The statute of limitations (§ 5057) is not a defense. This section applies only to persons other than the bankrupt. (*Clark* v. *Clark*, 17 How. 315; *Pickett* v. *McGarick*, 14 B. R. 233.) Defendant having been discharged the bankruptcy court has lost jurisdiction over him and over the subject-matter, so that if the State court should be held to have no jurisdiction there would be no remedy whatever. (*In re Dole*, 9 B. R. 193; *In re Jones*, 6 id. 386; *In re Dean*, 3 N. B. R. 188.) An assignee under the bankrupt law of the United States may sue in his own name in the State courts to enforce the right of property vested in him by the assignment in bankruptcy, and the courts of the United States have not exclusive jurisdiction of such actions. (*Stevens* v. *Mechanics' Sav. B'k*, 101 Mass. 109; *Reeper* v. *Harmer*, 5 B. R. 252; 8 Phila. 100; 4 L. T. B. [C. R.] 166; *Boone* v. *Hall*, 7 Bush, 66; *State* v. *Trustees*, 5 B. R. 466; *In re Central B'k*, 6 id. 207; *Cogdell* v. *Exum*, 10 id. 327; 69 N. C. 464; *Hoover* v. *Robinson*, 3 Neb. 437; *Mitchell* v. *Manuf. Co.*, 2 Story, 648; *Hastings* v. *Fowler*, 2 Ind. 216; *Ward* v. *Jenkins*, 51 Mass. 583; *Russell* v. *Owen*, 61 Mo. 185.) The State courts have jurisdiction of questions arising between persons within their jurisdiction, whether they arise under the laws of any other State or any foreign nation. If they arise under the laws of the United States, they have the same jurisdiction, unless deprived of it by some competent authority. (*Cook* v. *Whipple*, 9 B. R. 155; 55 N. Y. 150; *Gilbert* v. *Priest*, 8 B. R. 159; 63 Barb. 339; 65 id. 444; 14 Abb. Pr. [N. S.] 165; *Gilbert* v. *Crawford*, 46 How. Pr. 222; *Jordan* v. *Downey*, 12 B. R. 334; 78 Penn. St. 147; *Otis* v. *Hadley*, 112 Mass. 100; *Rison* v. *Powell*, 28 Ark. 427; *Matter of Werder*, 28 Alb. L. J. 116; 94 U. S. 523.) A seat in a Stock Exchange or similar organization is property and property applicable to the liquidation of its owner's debts. (*Grocers' B'k* v. *Murphy*, 60 How. Pr. 426; *Ritterband* v. *Baggett*, 4 Abb. N. C. 67; *In re Ketcham*, N. Y. Daily Reg., Feb. 9, 1880; *Powell* v. *Waldron*, 89 N. Y. 328; *Eliot* v. *M. Ex. of St. Louis*, 28 Alb. L. J. 512; *Hyde* v. *Wood*, 94 U. S. 523;

*In re Gallaher*, 13 N. B. R. 224 ; *Matter of Werder*, 28 Alb. L. J. 176.) The Stock Exchange is not a necessary party. (Code of Civ. Pro., §§ 452, 499 ; Code, § 488, subd. 6, § 498.)

EARL, J. At the time the firm of Davidson & Jones was put into bankruptcy in 1878 by proceedings instituted against the members thereof by their creditors, they owned what is commonly called a seat in the New York Stock Exchange, the title to which stood in the name of the defendant Jones. The seat was included in the schedule of their property made in the bankruptcy proceedings and was estimated to be worth $6,000. The plaintiff was, under section 5044 of the Revised Statutes of the United States, appointed assignee in bankruptcy, and an assignment of all the property and estate of the bankrupts was executed to him by the register in bankruptcy, in December, 1878. By such assignment the plaintiff, as such assignee, became by operation of law vested with the title to all the property and estate, both real and personal, of the bankrupts. Subsequently, in 1879, the bankrupts were duly discharged. The defendant Jones has continued, notwithstanding the assignment executed to the plaintiff, to use and enjoy all his privileges as a member of the Stock Exchange ; and this action was commenced by the plaintiff for the purpose of enjoining and restraining the defendant from using and occupying his seat or membership in the exchange, and to compel him to execute and deliver a proper instrument of assignment and transfer of the same, and all his right, title and interest therein to the plaintiff, or to such person or persons as shall be designated by the court upon such terms, and in such manner, as shall be required or directed, and by and for and on account of the plaintiff as such assignee.

The court at Special Term granted the plaintiff the relief claimed, and upon appeal to the General Term, the judgment of the Special Term was reversed and a new trial granted. The sole question for our determination is, whether upon the facts alleged by the plaintiff in his complaint, and found

by the court at Special Term, he was entitled to any relief against the defendant.

It appears by the constitution and by-laws of the Stock Exchange which were put in evidence, that persons can become members of the Stock Exchange and obtain what are called seats therein, only upon election in accordance with the constitution and by-laws of the Exchange ; and that a new member elected is required to pay an initiation fee of $20,000. It also appears that membership in the Exchange. may, subject to the conditions contained in the constitution and by-laws, and in the mode therein prescribed, be transferred ; and a member thus admitted by transfer is required to pay an initiation fee of $1,000. The transfer can in no instance be made to any person without the consent and approval of the Exchange, in the manner specified in the constitution and by-laws. It was found at the Trial Term that a seat or membership in the Exchange was then of the value of $30,000. The constitution and by-laws also provide that each member is required to pay certain dues, and that such dues are a prior lien upon the seat or membership of the member, and the proceeds thereof ; and such proceeds are also made liable for satisfying the claims of other members of the Exchange before the balance can be paid to the legal representatives of the member.

There can be no doubt that a seat or membership in the Exchange is, in a certain sense, property. It has great value to the owner or possessor, and may, under the conditions prescribed in the constitution and by-laws, be transferred and transmitted and converted into money. (*Grocers' Bank* v. *Murphy*, 60 How. Pr. 426 ; *Ritterband* v. *Baggett*, 4 Abb. N. C. 67 ; *Powell* v. *Waldron*, 89 N. Y. 328 ; *In re Ketcham*, N. Y. Daily Reg., Feb. 9, 1880 ; *Eliot* v. *Mer. Ex. of St. Louis*, 28 Alb. L. J. 512 ; *In the Matter of Werder*, id. 176 ; *In re Gallaher*, 19 N. B. R. 224 ; *Hyde* v. *Woods*, 94 U. S. 523.) The question as to the character of the property of such a seat is so fully discussed in the authorities cited that nothing more is necessary to be added.

But the property in the seat, whatever it was, as between the

defendant Jones and the plaintiff, passed by the assignment in bankruptcy, and as between them vested in the plaintiff as fully as it was before possessed by the defendant. By that assignment the defendant was as fully and completely divested of his property in the seat or membership as he could be by any paper or instrument which he could execute ; and he could do nothing more to vest complete, perfect title as against himself in the plaintiff.

But the General Term held that the plaintiff was entitled at this time to no relief against the defendant upon any facts appearing. It does not appear that he had applied to the Exchange to have his rights recognized ; or that the Exchange had in any way denied his rights, or that he had nominated any person to the Exchange in the place of the defendant, or attempted to have any one elected. Neither does it appear that the defendant had in any way interfered or threatened to interfere with the plaintiff's rights or property, or denied his rights of property ; or that he had in any way impaired his rights or done any thing whatever to injure the plaintiff. It is true that he continued to exercise his rights as a member of the Exchange, but that in no way harmed the plaintiff. If the Exchange, notwithstanding the assignment, chose to recognize him as a member and permit him to exercise the privileges of a member, that in no way injured the plaintiff or impaired his rights. If the plaintiff will give the Exchange notice of his title and rights, then the defendant cannot, by any dealings with the Exchange or by any thing he may do in the Exchange in his dealings with other members thereof, create any lien or incumbrance upon the seat, or in any way impair plaintiff's rights of property. It was, therefore, unnecessary, upon any facts appearing at the trial, to restrain the defendant from acting as a member of the Exchange. A judicial declaration that the property, whatever it was, in the seat or membership passed to the plaintiff was wholly unnecessary, because that is undisputed and cannot be disputed.

The court at General Term concluded that the action of the plaintiff was premature; that he should first apply to the Ex-

change to have his rights recognized, or that he should first procure a purchaser and nominate him· to the Exchange and have him elected, and that he should proceed until he came to a point where some obstacle stood in his way which it was necessary for the defendant, as the nominal owner of the seat, to remove, and then, if necessary, to commence an action against the defendant to compel him to execute any paper that might be necessary to complete the transfer of title. We cannot say that the learned court erred in refusing to exercise its equitable jurisdiction at this stage of the case. Whenever a time shall come when, in order to compel a transfer of this title to some person who may be chosen as a member of the Stock Exchange, or who may take from the assignee a transfer of this seat for the purpose of applying to the Exchange for membership, it may be necessary that the defendant should execute some further paper or document, it will be soon enough then to invoke the jurisdiction of a court of equity to compel him to do what he may unjustly refuse to do. The cases above cited recognize the right of .the court to interfere and compel action on his part for the purpose of removing any obstruction or obstacle that may stand in the way of a complete realization by the plaintiff of the value of the property transferred to him for the benefit of creditors. The Stock Exchange may, upon demand, recognize plaintiff's rights or the rights of some transferee whom he may select, and in so doing it would violate no rights of the defendant; and the defendant may, at the proper time, upon plaintiff's demand, or upon the demand of his transferee, do what in equity and justice he ought to do. There has yet been no occasion for him to do more than he has done.

We think the learned counsel for the defendant is in error in claiming that the plaintiff should apply to the bankrupt court for relief under section 5104, which provides that " the bankrupt shall, at all times, until he is discharged, be subject to the order of the court, and shall, at the expense of the estate, execute all proper writings and instruments, and do all acts required by the court touching the assigned property or estate,

and to enable the assignee to demand, recover and receive all the property and estate assigned wherever situated." That section confers ample authority upon the bankrupt court until the discharge of the bankrupt; but that authority ceases after the discharge by the very terms of the section. And so it has been held in numerous cases. (*In re Jones*, 6 N. B. R. 386; *Cook* v. *Waters*, 9 id. 155; *In re Dean*, 3 id. 188, quarto.) After the discharge of the bankrupt and while the discharge is in force, the bankrupt court has no more jurisdiction over him than over any other person. He can be compelled to act then, not summarily by motion or order under section 5104, or any other section of the Bankrupt Act, but simply in some regular judicial proceeding as a party thereto or as a witness therein.

There is no question that a State court would have jurisdiction of such an action as this at the proper time, when sufficient facts shall exist which will require the exercise of its jurisdiction. (*Ward* v. *Jenkins*, 10 Metc. 583; *Stevens* v. *Mechanics' Savings Bank*, 101 Mass. 109; *Cook* v. *Whipple*, 55 N. Y. 150.)

We are, therefore, of opinion that the order of the General Term should be affirmed, and judgment absolute ordered against the appellant, with costs.

All concur.

Order affirmed and judgment accordingly.