By the Court.
Freedman, J.
There seems to be no dispute as to the facts found by the learned judge below. The most material ones are as follows :
In 1873 one Erastus F. Mead, then a regular member of the N. Y. Stock Exchange, in involuntary proceedings in bankruptcy in the district court of the United States for the southern district of New York, was duly adjudged a bankrupt, and he assigned, by deed duly executed, all *224 Ms property and effects to Samuel H. Vandewater as trustee for the benefit of his creditors.
Notwithstandmg such assignment, Mead continued to enjoy his seat or membership in the Exchange and to pay the dues payable thereon, according to the constitution and by-laws of the Exchange until March, 1879, when the defendant Emmons—having obtained, in accordance with the constitution and the by-laws of the Exchange, the approval of two-thirds of the committee on admissions—procured a transfer to himself from Mead of the seat or membership of the latter, and was thereupon recognized as a member of the Exchange, and thereafter acted as such and paid the dues and assessments on his seat.
In December, 1882, Vandewater, as trustee, sold at public sale the right, title and interest of Mead in his seat or membership, to the plaintiff McCabe, for the sum of one dollar, and the plaintiff became the purchaser thereof.
McCabe never took any step, other than the bringing of this action, to assert any right which he claimed to have acquired by his purchase, His business is not, and never was, that of a broker or dealer in stocks or kindred securities. He did not in any manner offer himself to the Exchange or the committee on admissions, for approval as a member of the Exchange, nor did he ever seek from the Exchange or said committee the approval of any person whom he supposed to be suitable as a member and to whom he proposed to transfer his rights. He seeks by this action, in substance, to accomplish three things, viz.: CL.) To have this court declare that he is the transferee of the seat or membership of Erastus F. Mead, and entitled to all the rights and privileges of a transferee of such membership; (2.) To have this court declare that Emmons is not the transferee of the seat or membership of Mead, nor entitled to any of the rights and privileges of a transferee ; and, (3.) To have Emmons and the defendant Lawrence, as- president of the N. T. Stock Exchange, enjoined—Emmons from acting as a member, and the *225 defendant Lawrence from recognizing Emmons as a member, of the Exchange.
A mere declaration by this court of the respective rights of McCabe and Emmons would answer no useful purpose. Courts are not instituted or appointed to inform suitors what their rights are. As a general rule, suitors should be left to seek such information from their counsel. The real question presented by the appeal is whether the plaintiff has made out a cause of action for injunctive relief.
A seat or membership in the H. Y. Stock Exchange undoubtedly is property for certain purposes, but even then it is property of a peculiar nature. It is not a tangible thing, and whether in a given case it is a chose in. action, depends upon whether the party entitled to it has rights under it which a purchaser from him or a transferee by operation of law, can enforce. The question, whether it is property which can be reached by the judgment of a court, must therefore be determined upon the-facts of each particular case in connection with an appeal to the provisions of the constitution and the by-laws of the Exchange by which the rights and duties of each, member are defined and controlled (Hyde v. Woods, 91 U. S. Supreme Ct. 523; Powell v. Waldron, 89 N. Y. 328 ; Platt v. Jones, 96 Ib. 21). The question as to the' character of the property involved in such a seat or membership is so fully discussed in these authorities, that further discussion here is unnecessary.
The property in the seat or membership of Mead,, whatever it was, as between the plaintiff and the defendants, as well as between Mead and Vandewater, passed by the assignment in bankruptcy from Mead to Vandewater, and vested in Vandewater as fully as it was before possessed by Mead. By that assignment Mead was as fully and completely divested of his property in the seat or membership as he could be by any paper or instrument which he could execute. He could do nothing more to> vest a complete and perfect title as against himself, in *226 Vandewater (Platt v. Jones, 96 N. Y. 24). Whatever property Vandewater thus acquired, passed, upon the sale by him to McCabe, to the latter, and the plaintiff consequently stands before the court in the shoes of the assignee in bankruptcy.
This being so, and the plaintiff having all the rights which an assignee in bankruptcy could claim, he is in a position to apply to the Exchange to have his rights recognized ; that is to say, he may procure a purchaser of the seat and nominate him to the Exchange or the appropriate committee thereof, and ask to have him elected a member of the Exchange as provided by its constitution and by-laws.
The plaintiff having failed to do any of these things, and it appearing that neither the Exchange nor any committee thereof has refused or threatened to refuse to consider an application to be made by the plaintiff for the purposes referred to, this court cannot assume that the Exchange, or the appropriate committee thereof, will, upon a proper application by the plaintiff, refuse to do what in equity and justice it ought to do. Upon this point, the principle laid down by the court of appeals in Platt v. Jones (supra) is conclusive against plaintiff’s prayer for injunctive relief at this stage of the proceedings.
The recognition of Emmons by the Exchange, although it may hereafter lead to a controversy between him and the Exchange, is no obstacle to a proper application on the part of the plaintiff, nor would it be an obstacle to an action to be brought by the plaintiff, founded upon a wrongful refusal of the Exchange to recognize plaintiff’s rights, for it is conceded that the number of members is not limited by the constitution or the by-laws of the Exchange.
In every aspect, therefore, that can be taken of the present situation, no cause of action for injunctive relief has been made out.
The views already expressed render it unnecessary to consider the further question whether, and if so how far, *227 after the lapse of nine years of silence and inaction on the part of the plaintiff and of those whom he represents, a court of equity will assist the plaintiff to reap the fruits of other men’s disbursements by which the seat was preserved.
The judgment should be affirmed, with costs.
Sedgwick, Oh. J., and Van Vorst, J., concurred.