THE PEOPLE OF THE STATE OF NEW YORK ex rel. MOSES BIJUR, Appellant, *v.* EDWARD P. BARKER et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

1. TAX — ASSESSMENT OF PERSONAL PROPERTY — DEDUCTIONS.   The provision (1 R. S. 391, § 9, amd. L. 1892, ch. 202), that in assessing personal property for taxation "no deduction shall be made or allowed for or on account of any debt or liability contracted or incurred in the purchase of non-taxable property," applies to debts incurred in the purchase of imported goods not taxable by the state.

2. IMPORTED NON-TAXABLE PROPERTY.   Imported tobacco, in original packages, which has been subjected to a duty under the United States revenue laws, is non-taxable property.

3. SCOPE OF STATUTORY PROVISION.   The above provision is not confined to cases where the debt was fraudulently contracted to evade taxation.

1898.]      People ex rel. Bijur *v.* Barker.      331

N. Y. Rep.]      Opinion of the Court, per O'Brien, J.

4. Constitutionality of Provision.   The above provision is not unconstitutional as working a discrimination in taxation.

*People ex rel. Bijur* v. *Barker*, 21 App. Div. 480, affirmed.

(Argued March 1, 1898; decided March 22, 1898.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 29, 1897, affirming an order of the Special Term dismissing a writ of certiorari issued to review an assessment of personal property for taxation in the year 1896.

The facts, so far as material, are stated in the opinion.

*F. R. Minrath* for appellant.   The debts for which no allowance or deduction was made were not incurred in the purchase of non-taxable goods. (L. 1892, ch. 202.)   The statute, so far as it refuses any deduction for debts incurred at any time in the purchase of imports (if not done for the purpose of evading taxation) is unconstitutional, and in violation of the Constitution of the State of New York and of the United States, as it allows a deduction from other assets for debts incurred in the purchase of domestic goods, and disallows such debts when incurred in the purchase of imported goods. (Const. U. S. art. 1, §§ 8, 10; *Low* v. *Austin*, 13 Wall. 29; *Waring* v. *Mayor, etc.*, 8 Wall. 110; 1 R. S. ch. 13, tit. 1, § 4; *People ex rel.* v. *Barker*, 76 Hun, 454; *Brown* v. *Maryland*, 12 Wheat. 419; L. 1892, ch. 202, § 1; L. 1896, ch. 908, § 6; *Matter of B. El. R. R. Co.* v. *Wing*, 125 N. Y. 434.)

*George S. Coleman* for respondents.   The statute, as amended, is not unconstitutional.   (*People ex rel.* v. *Tax Comrs.*, 10 Hun, 255; 73 N. Y. 607.)

O'Brien, J.   The relator was assessed for $10,000 personal property, consisting of a one-fifth interest in a business firm. The property of this firm consisted of tobacco kept for sale and outstanding accounts amounting in the aggregate to $559,157.42.   This sum included the value of imported

tobacco in original packages, which amounted to $242,336.95. This part of the firm assets having been subjected to a duty under the United States revenue laws was not included in the property assessed and is admitted to be non-taxable property. (Const. U. S. art. 1, secs. 10, 8 ; *Low* v. *Austin,* 13 Wall. 29, 35 ; *Waring* v. *Mayor, etc.,* 8 Wall. 110, 123 ; N. Y. R. S. part 1, chap. 13, sec. 4.)

The firm owed debts represented by promissory notes amounting to $316,820.47, which, if allowed, would more than balance all the taxable assets the concern had or owned, and the only question in this case is whether this debt should have been allowed or considered by the commissioners in making the assessment. But they found upon the proofs before them, and as we think properly, that this debt was incurred for the purpose of purchasing the tobacco thus imported or other tobacco not taxable. They have returned this fact in answer to the writ of certiorari, and this statement concludes this court upon the facts. We think that the action of the taxing officers was justified by the terms of the statute, which expressly provides that no deduction shall be made or allowed for or on account of any debt or liability contracted or incurred in the purchase of non-taxable property. (R. S. part 1, ch. 13, tit. 2, art. 2, sec. 9, as amended by L. 1892, ch. 202.)

The contention that this statute applies only to cases where the debt is fraudulently contracted to evade taxation cannot be correct. It applies to that case, no doubt, but that is not the only case, since it clearly has a broader scope.

The learned counsel for the relator insists that the statute is not a valid law under the Federal and State Constitution so far as it refuses any deduction for debts incurred at any time in the purchase of imported goods, since it discriminates in favor of domestic goods, from the value of which, when taxed, debts for the purchase money are allowed.

When we consider that the imported goods themselves are exempt, while domestic goods are taxable, it is not very clear to us that this contention is correct in point of fact. But even if it was it is quite sufficient to say that the right to have

debts deducted from the value of taxable property is not an absolute one but in the nature of a favor. The state may grant or withhold it at pleasure. It was in the power of the state to tax all the property the relator had without providing for any deductions on account of debts. It cannot, therefore, be said that a law which permits the deduction as to certain debts and forbids it as to certain other debts, violates any constitutional provision, and this must be especially true of a debt contracted for the purpose of raising money with which to purchase property which is itself expressly exempt from taxation. The state certainly has the power to say in such a case that the taxable property of the party shall not be diminished, first, by deducting the debt and then further by deducting the thing which the debt represents, that is to say, the exempt property.

We think that there was no error committed by the taxing officers to the prejudice of the relator and that the order appealed from should be affirmed, with costs.

All concur.

Order affirmed.