## William E. McHenry v. Board of Trade of the City of Chicago.

### Gen. No. 12,898.

1. BOARD OF TRADE—*when membership in, becomes forfeited.* Upon the expulsion of a member of the board of trade, his membership and all rights of sale and transfer by him of such membership are lost.

Action on the case. Error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed February 1, 1907.

**Statement by the Court.** This is an action on the case brought by plaintiff in error against the Board of Trade of the city of Chicago, to recover the value of an alleged property interest in a membership in said board. A jury was waived and the case submitted to the court, which found the issues in favor of the defendant and entered judgment against the plaintiff for costs.

It appears from the declaration that the plaintiff became a member of the Board of Trade on the 7th day of February, 1898. On the 11th day of November, 1902, he was expelled. Three years later, June 9, 1905, he presented to the secretary of the Board an application for membership signed by Charles Gilbert McClintock, and for the transfer to McClintock of the membership of the plaintiff. The application was made in accordance with the rules of the Board, the transfer fee of $25 was tendered, and there is evidence tending to show that there had been no dues or assessments made or levied against the plaintiff since the date of his expulsion in 1902. The application for transfer of plaintiff's membership was refused, on the ground that plaintiff had no right, title or interest in and to said membership which he was entitled to sell or transfer.

The rules of the Board of Trade provide, among other things, that an expelled member shall not be readmitted to membership except upon payment of the regular initiation fee of $10,000. Any male person of good character and credit and of legal age may be admitted to membership upon approval by at least ten affirmative ballots of the Board of Directors, provided three negative votes are not cast against him, and upon payment of an initiation fee of $10,000, or upon "presentation of an unimpaired or unforfeited membership duly transferred," and upon signing an agreement to abide by the rules. There is a further provision that if the member has paid all assessments and has against him no outstanding, unadjusted or unsettled claims or contracts held by members of the Association and his membership is not "in any way impaired or forfeited," it may, upon the payment of $25, be transferable to any person eligible to membership approved by the Board of Directors. The membership of a deceased member is made "transferable in like manner by his legal representative."

There is testimony tending to show that the market value of plaintiff's membership on the 9th day of June, 1905, was of the value of from $3,300 to $3,400.

D. MONCRIEFFE KIRTON and FRANK SCHOENFELD, for plaintiff in error.

HENRY S. ROBBINS, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The contention of the plaintiff in error is that he has a property right in his former membership in the Board of Trade and a right in and to the money value thereof, that this was not forfeited by his expulsion from the board, and that the latter has wrongfully converted such property right and money

interest to its own use by its refusal to allow the transfer sought to be made. In support of this contention it is urged that a membership in the Board of Trade is property, that it is not forfeited by the expulsion of a member because, as it is claimed, the charter or rules of the board do not so expressly provide, and that the right of the Board of Trade to deprive a member of the right or privilege of doing business does not include or create a right to forfeit the property interest or money value of his membership.

In Weaver v. Fisher, 110 Ill. 146-152, it was said in reference to a former decision of the court (Barclay v. Smith, 107 Ill. 349), that it was "simply there held" that a certificate of membership in the Board of Trade of the city of Chicago "is not property which is liable to be subjected to the payment of the debts of the holder by legal proceedings." The court proceeds, however, to discuss the nature of such property rights and says that there is a large class of legal rights in which there is a property interest, which, by reason of their personal and peculiar character, manifestly could not be made the subject of transfer by judicial sale; but that in all these cases it is too obvious to require the citation of authorities, that a court of equity would interfere to protect against deprivation of their enjoyment, and that upon like principles a court of equity will interfere to protect a complainant's interest in a certificate of membership in the Board of Trade; and the court holds that such a certificate of membership has a regular pecuniary market value, notwithstanding the conditions to which the transfer of its title is subject. In Belton v. Hatch, 109 N. Y. Rep. 593-597, it was said that when a member joined the New York Stock Exchange "it may be perfectly true that he acquired property; but it was property given by the act of those who in giving it, accompanied the gift with conditions which were incident to and a

part of the property; and it was in no sense property created by the individual's act." In Powell v. Waldron, 89 N. Y. 328-331, it was said of a seat in the Cotton Exchange: "We should make of it an anomaly difficult to deal with and to understand if we failed to treat it as property." In Platt v. Jones, 96 N. Y. 24-29, where a seat in the Stock Exchange was involved, the court said: "There can be no doubt that a seat or membership in the exchange is in a certain sense property."

In the present case it may be conceded that the plaintiff's membership in the Board of Trade, so long as it remained unimpaired or unforfeited, was in a certain sense property and had an actual value derived from the provision of the by-laws which permitted such unimpaired or unforfeited membership to be accepted from a new applicant or incoming member in lieu of the payment of the prescribed initiation fee of $10,000. It is this provision, undoubtedly, which gives a money value to the membership, but the right of transfer is subject to the consent of the board of directors to the admission of the new applicant to membership. *In re* Gaylord, 7 Amer. Bankruptcy Reports, 195, it is said: "So long as one continues a member of the association, his membership therein is a property right, and to divest him thereof it must appear that some action has been had which under the provisions of the laws of the association or of the statutes of the state applicable thereto has legally deprived him of his property right."

The charter of the Board of Trade provides that it "shall have the right to admit or expel such persons as it may see fit in manner to be prescribed by the rules, regulations and by-laws." This provision authorizes the board to prescribe the manner in which it shall admit or expel such persons as it may see fit. If therefore, by virtue of its charter power, it has provided by its rules for forfeiture of the right to transfer a membership or whatever property right

there may be in such membership by reason of expulsion, the plaintiff when he was expelled from the board lost the right of transferring his membership. Section 15 of Rule 9 provides that an expelled member shall not be re-admitted except upon payment of the regular initiation fee, etc., while section 1 of Rule 10 provides that an applicant for membership may be admitted under conditions prescribed upon the payment of the initiation fee of $10,000, or on presentation of an "unimpaired or unforeited membership." Section 2 of the same rule provides that a member whose "membership is not in any way impaired or forfeited" shall be permitted to transfer the same to any person eligible to membership approved by the board of directors, upon compliance with the prescribed formalities. It is clear that if an expelled person cannot be re-admitted except upon payment of a new and full initiation fee, his membership must be regarded as having been "impaired or forfeited."

It is urged in behalf of plaintiff that no express provision for forfeiture of membership or the property right therein is made by these rules or the charter of the board, and that therefore the law will not presume a forfeiture; that in the absence of such express provision, expulsion did not operate to forfeit the property right or money value in the membership of the plaintiff. There is, however, no provision in the rules of the Board of Trade which recognizes any value in membership after the expulsion of the member, although there is a provision in section 30 of Rule 4 which allows the directors in their discretion to pay $1,000 to any retiring member in good standing. In the Gaylord case above referred to it was said that it was open to the Stock Exchange in that case to have made a provision for the forfeiture of all rights in the association in cases of fraudulent conduct of members, but that "to insure the right to inflict a punishment of this nature a

proper provision must be made in the laws of the association." In that case there was no provision for forfeiture of the money realized from the sale of the membership of an expelled member, and the question before the court was to whom the proceeds of such sale belonged. In the present case we think it was sufficiently provided without further express provision, for the forfeiture of the membership in case of expulsion. Expulsion terminated all rights of membership. It is only by virtue of the rule providing for the transfer of "an unimpaired or unforfeited membership" that such membership became transferable at all. The very provision for a transfer prescribed the conditions under which it could be made. In Board of Trade v. Nelson, 162 Ill. 431-438, where restoration to membership in the Board of Trade was sought by *mandamus*, it was said: "The right to pursue a business as a member of such an organization in the hall of the building devoted to that purpose may be a thing of value, but its value is incidental to the membership and a determination of such membership destroys the rights under it. This corporation is not bound to admit any person to membership, nor was the relator in any way forced into such association. He voluntarily became a member and by his contract is bound to abide by the rules and regulations of the board." If, therefore, the determination of the membership destroys the rights under and incidental to such membership, when plaintiff was expelled, his membership must certainly be deemed to have been impaired or forfeited. When so impaired it ceased to be transferable.

We are of opinion, therefore, that the judgment of the Superior Court was correct and it must be affirmed.

*Affirmed.*