(53 Misc. Rep. 336.)

**PEOPLE ex rel. SLADE v. COMMISSIONERS OF TAXES AND ASSESS-MENTS OF CITY OF NEW YORK.**

(Supreme Court, Special Term, New York County. March, 1907.)

TAXATION—DEDUCTIONS—NONTAXABLE PROPERTY.

> Where the purchaser of a seat in the New York Stock Exchange, which is nontaxable, in order to obtain its assent to the transfer of his seat and his admission to membership, procured, in compliance with its constitution and by-laws, from the person from whom he borrowed the price, a release of all claims arising out of the loan and delivered the same to the exchange, and thereafter promised to pay the lender the amount of the loan, with interest, he cannot, under Laws 1896, p. 800, c. 908, § 6, deduct the amount of the loan from his personal assessment; such section providing that there should be no deduction in such assessment by reason of the indebtedness of the owner incurred in purchasing nontaxable property.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 595–598.]

Application by the people, on the relation of Prescott Slade, for writ of certiorari to the commissioners of taxes and assessments of the city of New York. On motion to quash the writ. Granted.

Brownell & Patterson, for relator.
William B. Ellison, Corp. Counsel (Curtis A. Peters, of counsel), for defendants.

LEVENTRITT, J. The defendants move to quash or supersede the writ of certiorari issued herein, on the ground that the petition does not set forth facts sufficient to show an assessment erroneous for illegality. The relator does not claim overvaluation of inequality, but asserts an illegal assessment for the year 1906, in that the defendants refused to allow a deductible indebtedness. If allowed, there would have been no taxable personal property. The item in dispute amounts to $77,000, and was incurred indirectly in the purchase of a seat in the New York Stock Exchange under the following circumstances: In May, 1902, the relator purchased the seat, borrowing for that purpose the sum of $77,000. Cited before the committee on admissions of the Exchange, he was advised, upon the disclosure of facts, that, pursuant to the constitution and rules of the Exchange, the transfer

of the membership to him and his consequent admission would not be consented to except upon the condition that the person from whom the money had been borrowed would deliver a general release to him of all claims and demands arising out of the loan.   The relator procured such a release, and delivered it to the secretary of the Exchange. Subsequent to the execution and delivery of the release, the relator, to quote his petition, "realizing the moral obligation on his part to his said creditor, promised and agreed to and with him to pay him the said sum of $77,000, with interest, and has since that time paid interest thereon at the rate of 6 per cent. per annum."

On these facts I am of opinion that the defendants acted in accordance with law in refusing to allow the deduction.   Section 6 of the tax law provides:

"No deduction shall be allowed in the assessment of personal property by reason of the indebtedness of the owner contracted or incurred in the purchase of nontaxable property. * * *"

That a seat on the New York Stock Exchange is property is settled. Platt v. Jones, 96 N. Y. 24; Powell v. Waldron, 89 N. Y. 328, 42 Am. Rep. 301; People ex rel. Lemmon v. Feitner, 167 N. Y. 1, 60 N. E. 265, 82 Am. St. Rep. 698.   How far it is property within the meaning of the tax law (Laws 1896, p. 795, c. 908) depends on the nature of the tax.   Under the sections relating to taxable transfers (Tax Law, art. 10) it has been held to be property subject to taxation solely by virtue of definitions made applicable to the transfer tax (sections 220, 242; Matter of Hellman, 174 N. Y. 254, 66 N. E. 809, 95 Am. St. Rep. 582).   On the other hand, it has been held to escape annual taxation locally because of the failure to include it within the definition of personal estate or personal property in subdivision 4 of section 2 of the tax law.   People ex rel. Lemmon v. Feitner, supra.   Not being subject to the local tax, a stock exchange seat becomes nontaxable property.

The relator argues ingeniously that it is not nontaxable, but rather nontaxed, property.   While there may be force to the argument etymologically, the Court of Appeals has included, in its construction of section 6, property that is inherently nontaxable and exempt, as well as that which has intentionally or accidentally escaped inclusion. People ex rel. Cornell Steamboat Co. v. Dederick, 161 N. Y. 195, 209, 55 N. E. 927.   In that case the relator sought to deduct from its assets one-half of its bonded indebtedness incurred in the purchase of the good will of the business of a company acquired by it.   The deduction was not allowed.   Good will was declared to be property, though intangible, but, as in the Lemmon Case, supra, not included within the definition of personal property as defined in section 2. In its conclusion the court say:

"It * * * follows that good will is not taxable property for * * * municipal purposes, and that debts or liabilities contracted in the purchase of such property should not be deducted from the value of the taxable personal property."

There is no distinction in principle under the tax law between the good will of a business and a stock exchange seat.   Both are

not taxed and "nontaxable," within the meaning of section 6 as defined by the highest court.

The relator contends, further, however, that the indebtedness he seeks to deduct was not incurred in the purchase of the Stock Exchange seat. While not directly incurred, it was indirectly. Had there been no purchase of a seat, there would have been no obligation of $77,000 to anybody. Just as the law seeks to avoid double taxation, it seeks to prevent double deductions. If property is exempt, and it be allowable to deduct a liability directly or indirectly incurred in the purchase thereof from other personal property that is not exempt, a double deduction would result. The relator has, of course, acted with the utmost good faith; but it is not essential to show fraud or the intention to evade taxation. People ex rel. Bijur v. Barker, 155 N. Y. 330, 49 N. E. 940. The fact remains that the liability sought to be deducted owes its inception to the acquisition of a species of nontaxable property. It has been indirectly "incurred in the purchase" thereof. It may well be that, for ordinary contract purposes, a new obligation has been incurred to the creditor, who may not be able to assert any rights under his original claim by virtue of the general release he has given (Sterling v. Chapin, 185 N. Y. 395, 78 N. E. 158); but the relations between debtor and creditor do not control the inquiry under the tax law.

On the ground that the liability was indirectly incurred in the purchase of nontaxable property, the motion should be granted.

Motion granted.