CHARLES E. O'CONNOR, as Receiver of the Property of HERBERT FOOTE BEECHER, Judgment-Debtor, in Supplementary Proceedings, Appellant and Respondent, v. THE MECHANICS' BANK, Appellant and Respondent, Impleaded with HERBERT FOOTE BEECHER.

*Deposit in a bank, by the executors of an estate, of money belonging thereto — checks given to the beneficiaries in distribution thereof — a receiver of the property of one of the beneficiaries is entitled to recover from the bank the money, paid by it on the check to the beneficiary, after notice of the receiver's rights.*

In proceedings supplementary to execution it appeared, by the testimony of the cashier of the Mechanics' Bank, that money had been deposited in the bank to the credit of the estate of the father of the judgment-debtor by his executors, who, having concluded to make a distribution of such money among the parties entitled to receive it under the testator's will, allotted to Herbert Foote Beecher, the judgment-debtor, and drew their checks, payable to his order for, the sum of $2,286.92, upon such bank on January 30, 1888. On February 3, 1888, a receiver was appointed of the property of the judgment-debtor, who duly qualified and made a demand upon the bank, in writing, for the payment to him of the money in the custody of the bank belonging to the judgment-debtor. Subsequently, and on March 10, 1888, the check drawn by the executors in favor of the judgment-debtor was paid by the bank.

*Held,* that at the time when the check was paid the money represented thereby, so far as such money was required to pay the judgment and expenses, had become, in fact, the property of the receiver in his official capacity, and that he was entitled to judgment in an amount sufficient to pay the demand on which the supplementary proceedings had been instituted, together with interest thereon and the costs of the proceedings and the commissions and disbursements of the receiver.

That while, as a general rule, the deposit of money with a banking institution has no other effect than to create the relation of debtor and creditor between the bank and the person or persons to whose credit the deposit is made, yet that such rule is not applicable to a case in which the money of an estate, and not of the person or persons making the deposit, is placed with the banking institution, as in the latter case the account is impressed with a trust in favor of the persons who may prove to be entitled to participate in its distribution.

Appeal by the defendant, the Mechanics' Bank, from a judgment rendered at the New York Circuit, on a trial before the court, and entered in the office of the clerk of the county of New York on the 7th day of November, 1888, in favor of the plaintiff and against the said Mechanics' Bank, for the sum of $1,433.42 and costs, and

from each and every part of said judgment; and by the plaintiff, from that portion of the judgment giving plaintiff judgment for $1,300; the purpose of such appeal by the plaintiff being to obtain a review by the General Term of the question as to whether plaintiff was not entitled to judgment for the full amount demanded in the complaint, to wit, the sum of $2,286.92, with interest from February 9, 1888.

The action was brought by a receiver, in proceedings supplementary to execution, to recover funds on deposit with the Mechanics' Bank alleged to belong to the judgment-debtor.

*Edwin R. Leavitt*, for the plaintiff.

*W. C. Beecher*, for the defendant.

DANIELS, J.:

The plaintiff was appointed receiver of the property of Herbert F. Beecher in supplementary proceedings taken upon the return of an execution unsatisfied, issued upon a judgment recovered against him. The proceedings were taken under subdivision 3 of section 2432 of the Code of Civil Procedure. In those proceedings the cashier of the defendant was examined as a witness, and from his testimony it was made to appear that moneys had been deposited in the bank to the credit of the estate of Henry Ward Beecher. This had been done by his executor, and they concluded to make a distribution of such money among the persons entitled to receive it under the will of the testator, Henry Ward Beecher. In making this distribution they allotted to the judgment-debtor the sum of $2,286.92, and on the 30th of January, 1888, drew their check payable to his order, upon the defendant for that sum of money, and the check was paid by the defendant on the 10th of March, 1888. The order by which the plaintiff was appointed receiver was made on the 3d of February, 1888, and on the eighth of the same month his bond as receiver, approved by one of the justices of this court, was filed in the office of the clerk of the county of New York. On the same day a demand was made upon the bank in writing for the delivery or payment to the receiver or his attorneys of any and all personal property of any kind, nature or description, money or

funds belonging to Herbert Foote Beecher, and in the custody or under the control of the bank. This demand was further extended by an additional written demand served on the same day, stating the appointment of the plaintiff as receiver and demanding payment to him " of the sum of $2,000, amount of the funds of the estate of Henry Ward Beecher, deceased, now on deposit with you, belonging to the judgment-debtor, or due to him from you by virtue of a certain check drawn against said funds by Henry B. Beecher, as executor of said estate, within two or three weeks past, to said judgment-debtor's order, and being sent to him, said judgment-debtor, by said executor, at Port Townsend, Washington Territory, being for the balance of his share in the distribution of personal effects of said estate."

These demands were disregarded by the defendant and the money paid over upon the presentation of the check, and it was because of that payment, with these facts previously brought to the attention of the officers of the bank, that the action was brought by the receiver for the recovery of the money.

It has been objected that this appointment did not authorize the plaintiff to maintain this suit, for the reason that notice of the application for it was not given to the judgment-debtor, but from a recital in the order it is to be inferred that knowledge of the fact was brought to the attention of the judge, that the judgment-debtor was a resident of Washington Territory, and for that reason the notice required to be given could not be served upon him ; and that was sufficient, under section 2464 of the Code of Civil Procedure, to justify the judge in dispensing with that service.

It is no doubt true, as a general legal proposition, that the deposit of money with a banking institution creates no more than the relation of debtor and creditor between the bank and the person or persons to whose credit the deposit is made, but that principle does not control the rights of the parties to this action, for the moneys which were received by the executors and deposited at the bank were placed there as the property of this estate, and not of the person or persons making the deposit. It was upon the face of the account impressed with a trust in favor of the persons who should prove to be entitled to participate in its distribution. The judgment-debtor was one of these persons, and after a division of

the money on deposit was made by the executors, and an apportionment of this part of the money was made in favor of the judgment-debtor, the check was drawn in his favor for its payment to him, and this allotment and division of the fund was sufficient to entitle him to this part of the money. It, in substance, became his property, and was thenceforth subjected to the rights of the plaintiff as receiver, by the proceedings which had been taken and the demand which was served, accompanied by the information contained in it, before either the check itself was paid or had appeared to pass into the hands of a *bona fide* holder. That the money did become the property of the judgment-debtor by the division which the executors made is sustained by what was held by the court in *Van Alen* v. *The American National Bank* (52 N. Y., 1); *Baker* v. *New York National, etc., Bank* (100 id., 31); *Viets* v. *National Bank of Troy* (101 id., 563).

If the bank was not fully apprised of the grounds upon which the receiver claimed to be entitled to this money, it did have sufficient information to render it the duty of its officers to inquire into the circumstances and to ascertain from the executors the true situation of this part of the fund on deposit. And having been placed in that position in this manner, it could not disregard the duty created and pay over the money as it did, without incurring the risk of again making payment to the plaintiff as receiver. When the check was paid the money, so far as it was required to pay the judgment and expenses, had become, in fact, the property of the receiver in his official capacity, and as it was paid over in disregard of his rights, after such information had been received by the officers of the defendant as would reasonably, if its indications had been properly followed, have fully informed them of the existence of this right, it was paid without authority, and to that extent the plaintiff was entitled to recover.

It was not, however, proved upon the trial what the precise amount was which would be necessary to pay the judgment on which the supplementary proceedings had been instituted, the interest upon the amount, the cost of the proceedings and the commissions and disbursements of the receiver, but the court directed a judgment for the sum of $1,300 until these various amounts could be fixed and determined. This was not authorized. What the plaintiff

in his official capacity was entitled to recover was so much money only as would pay the judgment, with interest upon it, the costs of the supplementary proceedings and the disbursements and commissions of the receiver, together with the costs of the action, and that should have been ascertained definitely and fixed by the judgment before it was allowed to be entered, and upon that execution could regularly be issued against the defendant for the collection of the amount. In this particular the judgment was defective, and it should be vacated and further proceedings directed, to ascertain and determine the amount required to pay and satisfy these various items. And when that amount shall have been ascertained, either by reference or otherwise, then the plaintiff will be entitled to a judgment for the recovery of that sum. These directions will dispose of the appeals of each of the parties, and neither should recover costs of either of the appeals.

Brady, J., concurred; Van Brunt, P. J., concurred in reversal of judgment only.

Judgment vacated and further proceedings ordered as directed in opinion, without costs to either party.

---

JACOB D. NORLINGER and Others, Respondents, *v.* JOAQUIN De MIER, Appellant, Impleaded with Others.

*Unauthorized appearance for non-resident special partners, by direction of their general partner — set aside, instead of the special partners being remitted to their action against the attorney for the damages.*

A summons was served upon the general partner of a firm in an action against all its members; the general partner sent the summons to an attorney, who appeared for all the defendants, although such general partner had no authority from either of his copartners, who were special partners in the firm, and who were not residents of the State, to authorize an appearance by the attorney on their behalf. On an application by the special partners to have such notice of appearance set aside:

