HATCH, J.
Charles Powell, by his will, devised an undivided one-third of certain premises to his son Robert T. Powell for hist life, with remainder over to hi* issue. Robert S. Powell is the only child of Robert T., and takes as remainder-man under the devise. The plaintiff is the daughter of the testator, and also took a life-estate in one-third of the premises under the will. She brought this action to partition the lands. An interlocutory decree was-entered therein, by virtue of which the premises were sold, .and the proceeds, less expenses, were paid over to the county treasurer of Queens county. Prior to the commencement of the partition actions, judgments were recovered by Richard Brower and Gleorge Willets against the life tenant Robert T. Powell, and the-judgment creditors were made parties defendant therein. While-this action was pending, proceedings supplementary to execution were instituted against the life tenant, upon said judgment, and Onderdonk was duly appointed receiver. The interlocutory decree in the partition action provided that, unless the life tenant, should file his consent to accept a sum in gross, on or before the filing of the report of sale, the one-third of the net proceeds of the sale should be paid into the court to be invested, and that, in case such consent be filed, the value of the life estate be ascertained and paid into the court as a separate fund, subject to its further-order. The life tenant failed to file his consent to receive a gross sum, and, the proceeds of the sale having been paid over to the-county treasurer, the receiver applied to the court to be admitted, as a party to the action, and for leave to file his consent as receiver, and, as the person upon whom the life estate had descended, to receive a gross sum in lieu of the income. The application was granted, and from the order entered thereon the life tenant, and the remainder-man bring this appeal.
The judgments which the receiver represents more than equal the value of the -life estate. Consequently, with the disposition of -this appeal the life tenant has little concern. . By virtue of his. appointment, the receiver became vested with all the right, title, ¡ and interest of the'life tenant in the estate (Powell v. Waldron, 89 N. Y. 328; O’Connor v. Bank, 54 Hun, 272; 27 St. Rep. 1), and became, by his appointment, literally, a tenant pur autre vie (2 Bl. Comm. 123); and whether he be permitted to take ^ gross- *691 sum, or is to be remitted to the -income to be derived by investment, the life tenant is not prejudiced, for in either event his life estate is gone beyond recall. He-is therefore with substantial interest upon this appeal.
By section 1569, Code Civ. Proc., it is provided that, where the estate of a life tenant is converted into money, he becomes entitied to receive from the proceeds a gross sum, to be fixed according to the principles of law applicable to annuities, in satisfaction of such interest. In order to accomplish this result the life tcnant is required to file a consent in writing to receive such gross sum, which consent must be acknowledged and certified in like manner as a deed to be recorded, at the time of or before the filof the report of sale. If such consent is not filed then, the proceeds of the sale must be invested for the benefit of the life tenant. In the present case the life tenant made and filed no consent to accept a gross sum, and it is now claimed that the court is without power to allow the receiver to file a consent to take a sum in gross, for the reason that it is a personal right, resting in the life tenant, and does not pass to the receiver, and, further, that it is in derogation of the property rights of the remainder-man.
As to the first claim, it is not contended but that the whole interest in the life estate passed to and vested in the receiver. He became, in fact and in law, the life tenant, and we think, he succeeded to all the rights and privileges which the life tenant possessed in the property, and could exercise any right with respect thereto which the life tenant might have exercised. We are unable to see that the remainder-man is prejudiced by this ruling. He takes the estate under the devise, subject to this contingency of election. Consequently, in no legal sense is he deprived of any property or right. The,receiver has added no burden to the remainder-man’s estate, nor subjected it to any other or greater or different change than; it was subject to. in the hands of the life tenant. When the gross sum is taken, the estate of the remainder-man is left to accumulate during the existence of the life tenancy. At the expiration of that period, in the eye of the law, 'the estate will then equal in value what it was when the gross sum was carved therefrom. At common law the right of succession of a life estate was recognized, and the successor in interest took the entire estate and rights of the life tenant. The Code provision has. not changed any property right in this regard. It has provided a remedy to meet existing conditions and simplified methods of determining property right under such circumstances. There is no difference in principle, that we can discover, between reaching the life estate, which obtained in this proceeding and proceeding by forms of law to reach the dower interest of a widow, which authority has sustained. Payne v. Becker, 87 N. Y. 153. We readily concur in the suggestion that there may be circumstances where the court would not permit a creditor, who had succeeded to the life interest, to take a gross sum from the proceeds of the estate, or permit the life tenant to do so. Such case would be presented where its allowance would defeat the intent of the testator, or *692 where it appeared that the life tenant could only survive for a short period, and it would be manifestly unjust to the remainder-man. It is sufficient, now, to say that we are presented with no such case.
As to the claim that the right of election must be made when • the report is filed, we are of opinion that it was clearly within the power of .the court to grant relief therefrom. Code Civ. Proc. § 783. There was evidence from which the court: could find that the receiver was led to believe that the life tenant would file the necessary consent at the proper time, and that he omitted to take affirmative steps to produce this result on account thereof. Consequently, a case was made in which it was proper for the court to grant relief.
It follows that the order appealed from should be affirmed, with $10 costs and imbursements.
All concur.