(3 App. Div. 318.)

WOOD v. POWELL et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1896.)

1. PARTITION SALE—RIGHTS OF LIFE TENANT—ELECTION TO TAKE GROSS SUM IN LIEU OF INCOME.

In partition between life tenants, a receiver of defendant's property, appointed in supplementary proceedings, and who represents judgments aggregating more than the value of defendant's life estate, is entitled to file a consent to take a sum in gross (Code Civ. Proc. § 1569), in lieu of the income from defendant's share in the proceeds of the partition sale.

2. SAME—RIGHTS OF REMAINDER-MAN—RECEIVERS.

Since a remainder-man takes subject to the right of the life tenant to accept a gross sum in lieu of the income on such tenant's interests in the proceeds of a partition sale (Code Civ. Proc. § 1569), he cannot object to an order allowing a receiver of the property of the life tenant to make such election, on the ground that it would prejudice the estate in remainder.

3. SAME—WHEN ELECTION MADE.

    Where the failure of a receiver of the property of a life tenant to file a
consent to accept a gross sum in lieu of the income of such tenant's interest
in the proceeds of a partition sale, at the time of the filing of the report of
sale (Code Civ. Proc. § 1509), was due to his belief that the life tenant would
file such consent at such time, the court properly allowed the filing to be
made subsequently.

    Appeal from special term.

    Action by Mary Emma Wood against Robert T. Powell and Robert
S. Powell for partition. From an order making William Onderdonk,
receiver of the goods and chattels of Robert T. Powell, a defendant
in the action, and authorizing him to file a consent to accept a sum
in gross in lieu of the life estate of said Powell in the lands in suit,
defendants Powell appeal. Affirmed.

    Argued before BROWN, P. J., and PRATT, CULLEN, BART-
LETT, and HATCH, JJ.

    A. N. Weller, for appellants.

    Edward E. Sprague, for respondent Onderdonk.

    HATCH, J. Charles Powell, by his will, devised an undivided one-
third of certain premises to his son Robert T. Powell for his life, with
remainder over to his issue. Robert S. Powell is the only child of
Robert T., and takes as remainder-man under the devise. The plain-
tiff is the daughter of the testator, and also took a life estate in one-
third of the premises under the will. She brought this action to
partition the lands. An interlocutory decree was entered therein, by
virtue of which the premises were sold, and the proceeds, less ex-
penses, were paid over to the county treasurer of Queens county.
Prior to the commencement of the partition action, judgments were
recovered by Richard Brower and George Willets against the life
tenant Robert T. Powell, and the judgment creditors were made par-
ties defendant therein. While this action was pending, proceedings
supplementary to execution were instituted against the life tenant,
upon said judgment, and Onderdonk was duly appointed receiver.
The interlocutory decree in the partition action provided that, unless
the life tenant should file his consent to accept a sum in gross, on
or before the filing of the report of sale, the one-third of the net pro-
ceeds of the sale should be paid into court to be invested, and that, in
case such consent be filed, the value of the life estate be ascertained
and paid into court as a separate fund, subject to its further order.
The life tenant failed to file his consent to receive a gross sum, and,
the proceeds of the sale having been paid over to the county treas-
urer, the receiver applied to the court to be admitted as a party to
the action, and for leave to file his consent as receiver, and, as the
person upon whom the life estate had descended, to receive a gross
sum in lieu of the income. The application was granted, and from
the order entered thereon the life tenant and the remainder-man
bring this appeal.

    The judgments which the receiver represents more than equal the
value of the life estate. Consequently, with the disposition of this
appeal the life tenant has little concern. By virtue of his appoint-

ment, the receiver became vested with all the right, title, and interest of the life tenant in the estate (Powell v. Waldron, 89 N. Y. 328; O'Connor v. Bank, 54 Hun, 272, 7 N. Y. Supp. 380), and became, by his appointment, literally, a tenant pur autre vie (2 Bl. Comm. 123); and whether he be permitted to take a gross sum, or is to be remitted to the income to be derived by investment, the life tenant is not prejudiced, for in either event his life estate is gone beyond recall. He is therefore without substantial interest upon this appeal.

By section 1569, Code Civ. Proc., it is provided that, where the estate of a life tenant is converted into money, he becomes entitled to receive from the proceeds a gross sum, to be fixed according to the principles of law applicable to annuities, in satisfaction of such interest. In order to accomplish this result the life tenant is required to file a consent in writing to receive such gross sum, which consent must be acknowledged and certified in like manner as a deed to be recorded, at the time of or before the filing of the report of sale. If such consent is not filed then, the proceeds of the sale must be invested for the benefit of the life tenant. In the present case the life tenant made and filed no consent to accept a gross sum, and it is now claimed that the court is without power to allow the receiver to file a consent to take a sum in gross, for the reason that it is a personal right, resting in the life tenant, and does not pass to the receiver, and, further, that it is in derogation of the property rights of the remainder-man.

As to the first claim, it is not contended but that the whole interest in the life estate passed to and vested in the receiver. He became, in fact and in law, the life tenant, and we think he succeeded to all the rights and privileges which the life tenant possessed in the property, and could exercise any right with respect thereto which the life tenant might have exercised. We are unable to see that the remainder-man is prejudiced by this ruling. He takes the estate under the devise, subject to this contingency of election. Consequently, in no legal sense is he deprived of any property or right. The receiver has added no burden to the remainder-man's estate, nor subjected it to any other or greater or different charge than it was subject to in the hands of the life tenant. When the gross sum is taken, the estate of the remainder-man is left to accumulate during the existence of the life tenancy. At the expiration of that period, in the eye of the law, the estate will then equal in value what it was when the gross sum was carved therefrom. At common law the right of succession to a life estate was recognized, and the successor in interest took the entire estate and rights of the life tenant. The Code provision has not changed any property right in this regard. It has provided a remedy to meet existing conditions, and simplified methods of determining property rights under such circumstances. There is no difference in principle, that we can discover, between reaching the life estate, which obtained in this proceeding, and proceeding by forms of law to reach the dower interest of a widow, which authority has sustained. Payne v. Becker, 87 N. Y. 153. We readily concur in the suggestion that there may be circumstances where the court would not permit a creditor, who had succeeded to the life in-

terest, to take a gross sum from the proceeds of the estate, or permit the life tenant to do so.   Such case would be presented where its allowance would defeat the intent of the testator, or where it appeared that the life tenant could only survive for a short period, and it would be manifestly unjust to the remainder-man.   It is sufficient, now, to say that we are presented with no such case.

As to the claim that the right of election must be made when the report is filed, we are of opinion that it was clearly within the power of the court to grant relief therefrom.   Code Civ. Proc. § 783.   There was evidence from which the court could find that the receiver was led to believe that the life tenant would file the necessary consent at the proper time, and that he omitted to take affirmative steps to produce this result on account thereof.   Consequently, a case was made in which it was proper for the court to grant relief.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements.   All concur.