OPINION OF THE COURT
Alfred J. Weiner, S.
• This is an application by the petitioner for leave to sell real property and compute the value of the life estate- and remainder interest.
Petitioner is the executor named in the last will and testament of Pauline M. Fisher, the above-named decedent. The decedent died on December 7, 1992 leaving a last will and testament which was duly admitted to probate by the Surrogate’s Court of Rockland County on July 27, 1994.
The decedent died owning real property in the County of Rockland. In paragraph seventh of her last will and testament, the life tenant, Dorothy O. Stallings, received "a life estate in decedent’s house and real property ** * * located in Valley Cottage, Rockland County, New York, provided that she pay all *413 carrying charges in connection with such premises during her lifetime, including but not limited to, all taxes, homeowners insurance policy, utilities, ordinary and extraordinary repairs. Upon the death of my friend, Dorothy O. Stallings, I give and devise my real property * * * to the Missionary Circle of the Pilgrim Baptist Church”.
The property has been leased by the estate and rents are being collected and accumulated by the executor after payment of expenses of the property and administrative expenses.
A previous petition for sale of this property was filed with the court resulting in an order issued by the court authorizing the petitioner to enter into a contract of sale of the property subject to further approval of the terms and provisions of the sale by the Surrogate’s Court. Thereafter, a contract of sale was entered into by the petitioner and a buyer to sell the property for the sum of $200,000. The sale of property for this sum has been consented to by, both, Ms. Stallings, the life tenant, and Pilgrim Baptist Church, the remainderman. The petitioner is authorized to sell the decedent’s real property pursuant to the terms and conditions of this contract of sale.
The life tenant contends that the date of valuation of her life estate interest is based on her age on the date of death of the decedent. The remainderman contends that the date of valuation is the date of sale.
A life tenant is tantamount to the owner of the property and is entitled to all of the benefits and burden of such ownership although not a fee ownership, so long as the remainder interest is not affected. (Matter of Gaffers, 254 App Div 448 [up until the date of sale, the life tenant has the right to the use and possession of property]; In re Thomson’s Will, 43 NYS2d 392.)
The net proceeds of the sale of property shall be allocated to a life tenant and a remainderman in proportion to their respective interests. (RPAPL 403.)
"The provisions of law in relation to the right of dower, curtesy and estates for life, or for years or future or other interests in actions for the partition of real estate, so far as the same may be applicable, shall govern and control the distribution of moneys realized on such disposition which shall belong to the owner of such right of dower or curtesy, or tenant for life, or for years or future or other interests.” (SCPA 1918 [2].)
The New York State Commissioner of Insurance is authorized to compute the value of a life estate upon request by the court. (RPAPL 406.)
*414 The will requires that the life tenant be responsible for all carrying charges in connection with the premises. As life tenant, she is also entitled to the net rental collected after payment of these expenses.
The court finds that the value of the life estate is based upon the life tenant’s age at the time of the sale of the property and not the date of the decedent’s death. The court directs the New York State Commissioner of Insurance to compute the valuation of this life estate based upon the life tenant’s age at the date of the sale of the real property and certify the same to the court.