OPINION OF THE COURT
John B. Riordan, S.
The decedent and her husband owned a home as tenants in common. The decedent left her husband a life estate in her one half of the home. By prior decision of this court, the life tenant was allowed to sell the property over the objections of the executrix, the daughter of the decedent from a prior marriage. The house was sold and one half of the proceeds are presently being held in an escrow account pending the outcome of this decision. The present application is one to determine whether the life tenant is entitled to a sum in gross, representing the present value of the life estate upon the sale of the life tenant’s and remaindermen’s interests in the property, or whether the life tenant is entitled to income generated from the investment of proceeds from the sale of the property.
The decedent’s husband has requested that he be paid the value of his life estate outright. The executrix objects and has asked that the proceeds from the sale of one half of the real property be invested with the income only payable to the decedent’s husband during his lifetime.
Section 968 of the Real Property Actions and Proceedings Law provides that “the power to determine whether the owner *233 of a particular estate shall receive, in satisfaction of his estate or interest, a sum in gross or shall receive the earnings, as they accrue, of a sum invested for his benefit in permanent securities at interest, rests in the discretion of the court * * * The application of the owner of any such particular estate for the award of a sum in gross shall be granted unless the court finds that unreasonable hardship is likely to be caused thereby to the owner of some other interest in the affected real property” (emphasis added). The law was enacted to clarify that when the parties agree on the invested sum or sum in gross, the agreement must be given effect. When the parties disagree, however, the choice is to be made by the court and “when the life tenant requests the lump sum, the court is required to give it to him ‘unless unreasonable hardship is likely to be caused thereby to the owner of some other interest in the affected land’ ” (1947 Report of NY Law Rev Commn, at 308).
In the instant application, the life tenant has requested that he be paid the present value of his life estate in gross sum. The executrix objects on the grounds that the remaindermen will suffer a hardship due to the loss of approximately one third of the value of the estate by said payment.*
Although there is a paucity of reported decisions on this matter, payment of a gross sum will be allowed where “the withdrawal of the value of the life estate will leave a balance, which, with accumulated interest over the period of the life tenant’s expectancy, will restore the fund to its present corpus for the remaindermen” (Mosher v Wright, 200 Misc 792, 795 [1951]; Jermain v Sharpe, 29 Misc 258 [1899]; Wood v Powell, 3 App Div 318). Thus, for example, where the payment in gross sum resulted in the depletion of the entire fund, the application was denied (Mosher, supra). Further, if the remaindermen showed that the payment of a gross sum would “defeat the intent of the testator, or where it appeared that the life tenant could only survive for a short period, and it would be manifestly unjust to the remainderman,” the application would be denied (Wood, supra).
In the instant proceeding, the executrix failed to show unreasonable hardship. Therefore, the application by Arthur *234 Sauer to be paid a sum in gross representing the value of the life estate is granted. Section 406 of the Real Property Actions and Proceedings Law authorizes the New York Commissioner of Insurance to compute the value of the life estate upon the request of the court. The court directs the New York Commissioner of Insurance to compute the value of the life estate based upon the life tenant’s age at the date of the sale of the real property (Matter of Fisher, 169 Misc 2d 412, 414 [1996]).

 The executrix also argues that it was not the testator’s intent to give her husband the full value of the life estate and that she only intended to give him the “use and occupancy” of the home. This issue was resolved in the prior decision of the court where one of the considerations of the court was that the executrix conceded that the decedent gave Arthur Sauer a life estate in the home (Matter of Sauer, 194 Misc 2d 634 [Sur Ct, Nassau County 2002]).