OPINION OF THE COURT
John B. Riordan, J.
*854 The decedent died on December 31, 2003. The decedent left her companion, Dr. Joseph Siegel, a life estate in her Sea Cliff residence. By prior decision of the court (5 Misc 3d 1028[A], 2004 NY Slip Op 51592[U] [2004]), the life tenant’s application to sell the property over the objections of the remainderman, Patricia Kle, was granted.
The present application addresses two remaining issues. The first is whether the life tenant is entitled to a sum in gross, representing the present value of the life estate upon the sale of the life tenant’s and remainderman’s interests in the property, or whether the life tenant is entitled only to the income generated from the investment of the proceeds of sale of the property. The second issue concerns the manner by which the life tenant’s interest should be valued.
With respect to the first issue, the life tenant seeks the value of his life estate in gross sum or, in other words, outright. The remainderman has elected to take no position on this question, and, instead, has chosen to rely upon the decision of the court.
Section 968 of the Real Property Actions and Proceedings Law provides that:
“the power to determine whether the owner of the particular estate shall receive, in satisfaction of his estate or interest, a sum in gross or shall receive the earnings, as they accrue, of a sum invested for his benefit in permanent securities at interest, rests in the discretion of the court . . . The application of the owner of any such particular estate for the award of a sum in gross shall be granted unless the court finds that unreasonable hardship is likely to be caused thereby to the owner of some other interest in the affected real property.”
Thus, where the parties disagree, the choice is to be made by the court, and when the life tenant requests a lump-sum payment, the court must award a lump sum unless unreasonable hardship will result to the owner of some other interest in the property.
The remainderman does not assert that she will suffer any hardship if the value of the life estate is paid in gross sum. Accordingly, pursuant to RPAPL 968, the value of petitioner’s life estate must be paid in gross sum.
The second issue before the court is the determination of how petitioner’s life estate should be valued. Petitioner argues that the Internal Revenue Service (IRS) actuarial tables, and more *855 specifically Internal Revenue Code (IRC) (26 USC) § 7520, should be used to value the petitioner’s interest. Petitioner contends that use of the IRC § 7520 interest rates as applied to IRS Table S constitutes a more accurate valuation because it fluctuates with market conditions and is the method used by the taxing authorities to value these types of interests. Respondent, on the other hand, argues that the court should value the interest based upon the facts of this particular case. Neither party has requested that the court follow the method of valuation previously adopted by the court in Matter of Beyer (NYLJ, Feb. 23, 1995, at 31, col 2) and Matter of Sauer (195 Misc 2d 232 [2003]), wherein the court directed the Superintendent of Insurance to compute the value pursuant to RPAPL 406.
The court declines to adopt the method offered by the respondent. The court notes that:
“[T]he IRS, taxpayers, the court and tax practicioners have long grappled with the proper measure of these types of interests . . . Inherent in the process of determining a proper valuation are a number of complicating factors — often competing — including the uncertainty of life expectancy, administrative convenience, consistency and, of course, fairness” (Hayes and Krzanowski, When IRS Actuarial Tables Don’t Apply In Valuing Interests, Est Plan J [Feb. 2005]).
Respondent acknowledges that her approach would require the court to consider “the petitioners’ [sic] age, 84, his physical and mental capacities, his life style during his relationship with the decedent and his actions after her death.” Respondent’s approach would require the court to make an uncertain determination as to petitioner’s mortality and make factual findings regarding his physical and mental health. Thus, respondent’s method of valuation is administratively unfeasible and would produce inconsistent results in each case.
Petitioner, although conceding that the method of valuation is in the court’s discretion, asks the court to exercise its discretion by adopting the method of valuation employed by the taxing authorities. While the court recognizes that the IRS actuarial tables and IRC § 7520 Eire the proper methods for valuing such interests for estate, gift and income taxes, the preferred method for allocating net proceeds of sale between a life tenant and a remainderman is the method set forth in RPAPL 403 Eind 406 (Matter of Sauer, 195 Misc 2d 232 [2003]; Matter of Beyer, NYLJ, Feb. 23, 1995, at 31, col 2).
*856 This court in Matter of Beyer (NYLJ, Feb. 23, 1995, at 31, col 2), and again in Matter of Sauer (195 Misc 2d 232 [2003]), directed that the allocation of the net proceeds of sale between a life tenant and a remainderman be calculated by the New York Superintendent of Insurance based upon the life tenant’s age at the date of the sale. Pursuant to RPAPL 402, the Superintendent of Insurance is to employ the interest rate of four percentum, compounded annually. Similarly, in Matter of Fisher (169 Misc 2d 412 [1996]) and Matter of Wisan (NYLJ, Apr. 3, 1990, at 31, col 2), the allocation of proceeds was determined under RPAPL 406.
The petitioner has not offered any valid reason for the court to deviate from the accepted method of valuation other than to suggest that the IRS actuarial tables more accurately reflect current market conditions. The regulations to IRC § 7520, however, note that use of the actuarial tables is not appropriate in all instances. Here, the issue is not one of valuation for tax purposes. The issue is the allocation of the net proceeds of sale between the life tenant and a remainderman where an application for sale has been granted. The court sees no reason not to value petitioner’s life estate as the court did in Matter of Sauer (195 Misc 2d 232 [2003]) and Matter of Beyer (NYLJ, Feb. 23, 1995, at 31, col 2).
Accordingly, within 10 days after the closing of sale of the property, petitioner shall advise the court of the amount of proceeds subject to distribution as well as the life tenant’s age at the time of sale. Upon receipt of such information, the clerk of the court shall transmit, pursuant to RPAPL 406, the statement of facts as is necessary to permit the computation by the Superintendent of Insurance of the value of the life estate interest of petitioner in said real property. The court further directs the Superintendent of Insurance to make such computation and certify the same to the court.